Harrington, Ch.,

announced the opinion of the'Court.
The testator died in 1845, leaving to survive him six sons, viz., Hathaniel, William, Isaac, Samuel, Bobert, and Henry; and two daughters, Letitia Harrington and Mary Callaway; and two grandchildren, Edmund, the only child of his son Jacob Graham, deceased, and Jacob G. Lewis, only child of his daughter, Ann Lewis, deceased. These are his heirs-at-law and residuary devisees, under the twelfth item of his will. Hathaniel died in 1846, leaving two children, George and Ann, the latter of whom has since died without issue. Henry died after his father in 1845, without issue. William also died in 1845, after the death of his father, and without issue. Isaac died in 1849, and Bobert in 1850, both without issue. Samuel in 1854, leaving six children, five of whom are now living. Since the death of William Graham, his interest and title, as also that of Hathaniel, Isaac, Bobert, and Samuel, have become vested in George W. Taylor, and the lessors of the plaintiffs claim in each case six-fortieth parts of the premises in *410 question. These Several cases depend o'n the construction of the several items of the will set forth in'the case stated, and the events afterwards occurring on which any legal contingency that the will interposes depends. In regard to the fourth item, containing the devise to William, there is no doubt that the farm devised to him, and upon a contingency to the remainder of the testator’s sons then living, was a devise in fee, both in the first devisee and in the re- ' maindermen, because of the charge upon them, in respect of the farm, of a gross sum to be paid to the testator’s grandson Edmund. Graham. The general principles applicable to that, as well as the other devises, are. as follows: A general devise without words of inheritance or limitation carries but a life estate to the devisee; but this rule, being one of technical restriction, is subject to the following exceptions. If there be no residuary devise, and the intention of the testator clearly appears to dispose of his whole estate by the will, a general devise will be enlarged to a fee 'to carry out that intent, if such intent can be applied to the devise in question. Cowp. 660. Where the testator uses terms which apply to his interest in the land, and not merely to the land itself, a general devise of such interest will carry a fee, if such was his interest in the premises; as when he devises his “ estate” &t such aplace; his “ right,” or his “ part,” of an estate held with others, or his-“share,” referring to his interest, and not to the corpus of the property. But where the term employed applies more properly to the land itself than to his interest or estate in it, a general devise carries but a life estate: as .in a devise of “ my house” or “ farm,” at such a place, or “a part of my house,” “ farm,” or “ plantation,” at such a place. 11 Johns. 389; 11 East, 162; 54 Eng. C. L. R. 282. If, however, there be a charge on the devisee in respect of the land devised to him, and not merely a charge on the land itself, it will enlarge the general devise to a fee; for otherwise the devise might prove injurious -to the devisee". 18 Johns. 35; 14 Exch. Rep. 689, 705, 710 a.
The devise to William with remainder over if he should *411 die leaving no lawful heir of his body who should arrive to the age of twenty-one, upon condition of their paying two hundred and fifty dollars to Edmund Graham, falls under this last exception, and makes the devise over a fee, and consequently an absolute defeat of the estate first given to William, whatever may have. been the legal character of that estate. The lessors of the. plaintiff therefore cannot recover upon any claim founded on the fourth item of the will, which the Court construes as a devise to William in fee simple, defeasible on his death without lawful heir of his body who should attain full age, with an executory devise in fee to the remainder of the testator’s sons then living. In respect to this part of the case, therefore, it is the unanimous opinion of the Court that the plaintiffs are not entitled to recover. But on the next point of the case the opinion now about to be announced by me is that of a majority.
The construction of the third, ninth and tenth items of the will, is equally governed by the principles before stated; and they each contain a devise to the first devisee in fee conditional with an executory devise for life to the devisees over. And this limitation of the devises over to life estates, raises the question principally discussed in the argument, namely, what becomes of the ultimate interest after these life estates were determined. The plaintiffs contend that the first estate though in fee, but being a defeasible fee, as all agree it is under each of these devises, it was defeated by the happening of the contingencies provided for, namely, the taking effect of the devises over though but for life, and being once defeated it was destroyed, and that the ultimate interest passed tinder the twelfth item of the will, as a residuary devise to the heirs generally of the 'testator, and did not revert to the heirs of the first devisees in fee conditional. For the defendants, on the contrary, it was contended, that on the taking effect of the devises over for life, the preceding devises in fee were not absolutely defeated or destroyed, but were only impaired or abridged, pro tanto, and, on the determination *412 of the life estates, the premises reverted to those interested in the prior devises in fee simple, and passed to their heirs-at-law.
This idea appears to have originated with Mr. Preston, unquestionably a learned text-writer on the law of titles to real property, who claims credit for the discovery, saying, “ That there is a sixth species of executory devise of real property may be concluded from general principles; and it may be defined to be, where there is a devise of an estate of inheritance, or any other estate, and on some event a particular estate to a stranger is introduced to take place in derogation of the estate of inheritance, and to a particular though not total exclusion of the same:” 2 Prest. on Estates, 140. Powell, another equally learned text-writer, approves of the principle suggested by Mr. Preston, but denies that it has any foundation in any adjudged case, and admits that it introduces a new qualification to the position long before laid down by Mr. Fearne, a writer of the highest celebrity, which is, “ That a condition or limitation must determine or avoid the whole of the estate to which it is annexed, and not determine it in part only and leave it good for the remainder Fearne’s Essay, 251, 530. The text of Powell is as follows: “ To this important rule, namely, that an estate subject to an executory devise, to arise on a given event, is, on the happening of that event, defeated only to the extent of the executory interest, the only possible objection that can be advanced is the total absence of direct authority for it; for the books do not'furnish a single example of its application.” The decision in Hanbury v. Cockrell, cited by Mr. Preston, certainly involves no such doctrine, since it simply affirms the validity of the executory limitation to the survivor for life, in the events that had happened, and leaves the question as to the destination of the ulterior interest quite untouched. It is merely, therefore, the instance of a limitation which might have raised the question, and of which the case of Doe d. Sheers v. Jeffery, 7 T. R. 589, affords another example. There also the decision of the *413 Court only established the executory gift for life, and did not dispose of the ulterior interest. w That the point does not admit of any douht upon principle is readily conceded ; for as it is clear that under a devise to A. and'his heirs, and if he shall die under twenty-one, or living B., to B. for life, A. would by the first part of the devise take an estate in fee simple in the lands so given, to the complete disinherison of the heirs; and as the only operation of the subsequent executory lirnitation is to take out of him in a certain event an estate for the life of B., the fee, ultra that life interest, necessarily remains in A.”
The defendants’ proposition seems therefore to rest alone upon the suggestions of two or three respectable text-writers, without the authority of any adjudged case upon the question; and the very definition of the new species of executory limitation seems to contain an assumption of that which is here disputed. That definition is, “ Where there is a devise of an estate of inheritance, or any other estate, and on some event a particular estate to a stranger is introduced to take place in derogation of the estate of inheritance to a partial though not a total exclusion of the same.” But that is just the point in issue, whether these devises over are in derogation of the estate of inheritance .to a partial and not a total exclusion of the same. The contingencies to which the estates of inheritance in these cases were subjected and which rendered them defeasible fees, may with more propriety be said upon their happening to defeat those estates in fee, and to be in total exclusion of the same, than to be merely in -derogation or partial exclusion of them. Neither can it be assumed in these cases, what Mr. Preston’s definition requires to be assumed, that the estates limited over were merely to a partial and not to a total exclusion of the original devises in fee; for though the estates limited over be but estates for life, the residuary item of the will provides for their further and final limitation, and the disposition of the ulterior interest in the premises, if the defeasible *414 estates of the first devisees be defeated by the happening of the contingencies * to which they were made subject, and under which clause of the will, in these events, the ulterior interest in the premises, on the expiration of the life estates, would pass to the residuary devisees of the testator. The contrary doctrine, that such a limitation is only a partial and not a total defeasance of such i a conditional and defeasible fee, is not only contrary to the principle as stated by Mr. Fearne, who says, that a condition or limitation must determine or avoid the whole,of the estate to which it is annexed, and not determine it in part only and leave it good for the remainder, but is against the current of all the other authorities and writers on the subject, who regard such a limitation to a fee'as a condition and a defeasance, which, if it happens, defeats the estate in toto to which it is annexed. The first devisee takes the fee only subject to the condition, and the ultimate estate or ulterior interest reverts to the devisor on the happening of the condition or contingency which defeats the estates given to him, and which is itself then consumed by virtue of its own limitation.
(Our construction, therefore, of the third, ninth, and tenth items of the will is, that the devise in each of them to the first takers is of an estate in fee simple, defeasible on a contingency, with an executory devise over for life, and on the happening of this contingency, the first estate in fee was defeated, and at the expiration of the life estate, the fee passed under the twelfth item of the will to the heirs-at-law of testator.