Nov. Term, 1846.

FLEMING
v.
FLEMING.

---

FLEMING and Others *v.* FLEMING.

In a suit by petition for dower, cohabitation and reputation are sufficient evidence of marriage.

ERROR to the *Scott* Circuit Court.

Nov. Term, 1846.

BLACKFORD, J.—*Rachel Fleming* filed a petition in 1843 against the heirs at law of her deceased husband, *James Fleming*. The object of the petition was to obtain dower in certain real estate in *Scott* county, of which the said *James* was said to have been seised during the coverture. Some of the defendants were infants, whose guardian *ad litem* answered for them in the usual form. The other defendants filed two pleas: 1. That the petitioner and said *James Fleming* were never lawfully married; 2. That the petitioner had received certain property in lieu of dower. Replications to these pleas and issues.

FLEMING
v.
FLEMING.

Monday,
*November* 30.

The evidence to prove the marriage was the recognition of the petitioner by the deceased as his wife; that the parties had lived together for fifteen or twenty years as husband and wife; and that they were reputed to be married. This evidence was objected to as not being legal evidence of the marriage, but the objection was overruled. The record does not show what evidence was given on the issue on the second plea.

The Court appointed commissioners to assign dower to the petitioner. The commissioners, at the next term after their appointment, made their report that they had assigned the dower. Exceptions were filed to the report; but the causes assigned do not appear on the face of the report, and they are not made a part of the record by a bill of exceptions. They are not therefore before us. The report was confirmed.

The only question which the record presents to us is, whether the evidence of the marriage was legal?

It is a general rule that in civil suits, except for criminal conversation, cohabitation and reputation are sufficient evidence of marriage. It is so laid down by Ld. *Mansfield* in *Morris* v. *Miller*, 4 Burr. 2057, and in *Birt* v. *Barlow*, Dougl. 171. In ejectment, where the lessor's claim was for dower, the marriage was allowed to be proved by evidence of cohabitation and declarations of the parties. *Jackson* v. *Claw*, 18 Johns. 346. And where a party sought to recover in ejectment as heir at law, it was held that to show that he was born in lawful wedlock, the reputation of his parents' having lived together as husband and wife was legal evi-

dence. *Doe d. Fleming* v. *Fleming*, 4 Bingh. 266.—*Cheseldine's lessee* v. *Brewer*, 1 Harr. & M'Hen. 152. We think there was no error in admitting the evidence in the present case.

*Per Curiam.*—The judgment is affirmed with costs.

*H. P. Thornton*, for the plaintiffs.

*J. G. Marshall*, for the defendant.