## TRIMBLE *v.* TRIMBLE.

In an application for dower, or for alimony, reputation is sufficient evidence of marriage.

Application for divorce and alimony. The bill alleged a marriage in *Virginia*. The answer denies any marriage. General reputation of marriage was proved. *Held*, that as there was no statute of *Virginia* on the subject in evidence, the common law will be presumed to have been in force there, and the marriage valid.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—This was a bill in the *Decatur* Circuit Court, by *Margaret J. Trimble*, against *Charles N. Trimble*, for a divorce and alimony. The defendant answered, denying the marriage of the parties. The cause was put at issue by a replication, and submitted to the Court upon bill, answer, replication, and testimony, and a decree was rendered for the plaintiff.

The only question in the case relates to the proof of the marriage, and, perhaps, we cannot more satisfactorily present it, than by copying the bill of exceptions, which is as follows: "Be it remembered," &c., "that for

the purpose of proving the marriage, the plaintiff gave evidence, that, some time in the year 1838, the plaintiff and the defendant came to *Decatur* county, *Indiana;* that when they first came to said county, they lived and cohabited together as man and wife, and continued so doing at all times up to and until the month of *July*, 1848, when they separated; that defendant, some four or five times, was heard to call her his wife; and that, some time in *August*, 1838, the following article, by authority of defendant, was published in the *Greensburg Repository and Advertiser*, a newspaper published in the county of *Decatur*, to-wit, 'Mr. *Thomas*, Sir—Please give these lines a place in your paper; for so doing, I will compensate you. I am informed that there is a report circulating through this county, that *Robert Kilgore*, of *Greene* county, *Tennessee*, wrote to *William Saul* of this county, that I told *Robert Bartley*, of said *Greene* county, that I was not married to the woman represented to be my wife, which is erroneously false ; and do proclaim to the citizens of this county, and to the whole world, she is my wife, according to matrimonial contract, and divine affirmation, which stands recorded, day and date, in my family Bible. I defy the world to dispute, and place such malignant report at defiance. I am, independently, *C. N. Trimble ;*' that, on an occasion, she signed a deed with him as his wife. It was also proved that said parties were regarded and treated, in all respects, by the neighborhood in which they lived, as husband and wife; to the introduction of all which evidence the defendant excepts," &c.; "and the defendant proved by two of his brothers that lived in *Virginia*, and near the plaintiff and defendant, in the year 1836, when the plaintiff and defendant removed from that state, and that said witnesses had resided in *Decatur* county for the last eight or ten years, near the complainant and defendant, and been in the habit of being at their house, and never heard of any marriage between them, and witnesses believe none ever did take place; that *James Trimble*, one of defendant's brothers, twice, about three years ago, charged plaintiff in presence

May Term,
1850.

Trimble
v.
Trimble.

of defendant, with living in a state of adultery, which was not denied by either of them otherwise than plaintiff became very angry, and defendant told witness not to hurt his feelings. It was also proved that plaintiff had told *Nancy Trimble*, since living in *Decatur* county, that before she and defendant left *Virginia*, she had made a wedding dinner three times with a view of getting married to defendant, but that they had come off just so. It was also proved that just after they separated, defendant told plaintiff, in a conversation between them, that they never were married, and that she knew it, and dared her to point out the time and place, to which she made no reply, but was at the time in much distress and affliction about such separation; which was all the testimony touching the fact of marriage," &c.

The bill alleges a marriage in *Virginia*.

*Fleming* v. *Fleming*, 8 Blackf. 234, decides that, in an application for dower, reputation is sufficient evidence of marriage. So far as the bill before us goes for alimony, it seems to fall within that case; and as to the divorce we see no reason why a different rule should prevail, especially in this case where the marriage may have taken place in *Virginia*. *Bouvier*, in his Law Dictionary, title, "*Marriage*," says: "The common law requires no particular ceremony to the valid celebration of marriage. The consent of the parties is all that is necessary, and as marriage is said to be a contract *jure gentium*, that consent is all that is needful by natural or public law. If the contract be made *per verba de presenti*, or if made *per verba de futuro*, and followed by consummation, it amounts to a valid marriage, and which the parties cannot dissolve if otherwise competent; it is not necessary that a clergyman should be present to give validity to the marriage; the consent of the parties may be declared before a magistrate, or simply before witnesses, or subsequently confessed or acknowledged, or the marriage may even be inferred from continual co-habitation and reputation as husband and wife, except in cases of civil actions for adultery or public prosecutions for bigamy. 1 Salk.

119.—4 Burr. 2057.—Dougl. 171.—Burr. Settl. Cas. 509.— 1 Dow, 148.—2 Dow, 482.—4 John. 2.—18 John. R. 346. —6 Binn. 405.—1 Penna. R. 452.—2 Watts' R. 9." And see 6 Conn. 446.—2 Greenl. Ev. s. 460. As no statute of *Virginia* upon the subject was in evidence on the trial of this cause, the common law would be presumed to be in force there relative to marriage contracts, and hence the marriage in this case, which may be inferred from the evidence, might have been valid.

*Per Curiam.*—The decree is affirmed with costs, &c.

*J. S. Scobey* and *A. Davison*, for the appellant.

*A. L. Robinson*, for the appellee.