Lindsey v. The State.

---

No. 9214.

LINDSEY v. THE STATE.

CRIMINAL LAW.—*Prosecution of Felonies by Affidavit and Information.— Averments in Affidavit.*—In the prosecution of a felony by affidavit and information, under the act of March 29th, 1879, Acts 1879, p. 143, the affidavit as well as the information must contain the averments, that the defendant is in custody on the charge for which he is prosecuted, and that the grand jury of the county is not in session.

SAME.—*Sufficiency of Affidavit.—Motion in Arrest of Judgment.—Statute Construed.*—The word "indictment" as used in the first clause of section 144, 2 R. S. 1876, p. 409, includes the affidavit and information, which may in certain cases form the basis of a criminal prosecution, and, when such a prosecution is founded thereon, the judgment may be arrested for the want of any material jurisdictional averments either in the affidavit or information.

From the Spencer Circuit Court.

*G. L. Reinhard* and *W. H. Thomas*, for appellant.

*D. P. Baldwin*, Attorney General, *S. B. Hatfield*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

NIBLACK, C. J.—Lewis Lindsey, the appellant, was prosecuted in the court below upon an affidavit and information charging an assault and battery with intent to murder one George Tribue. A jury returned a verdict of guilty as charged, fixing the appellant's punishment at a fine of one dollar and imprisonment in the state-prison for two years; and, after successively overruling motions for a new trial and in arrest of judgment, the court rendered judgment upon the verdict.

Error is assigned upon the overruling of the motion in arrest of judgment. The motion in arrest was based upon the alleged insufficiency of the affidavit, in failing to aver that the appellant was in custody on the charge for which he was prosecuted, and that the grand jury of the proper county was not in session.

The information contained the averments thus omitted from the affidavit, but the appellant contends that these averments, being jurisdictional, ought to have been made in the affidavit as well as in the information.

The case of *Davis* v. *The State*, 69 Ind. 130, sustains the doctrine contended for by the appellant, and upon the authority of that case the affidavit in this case must be held to have been fatally defective.

But it is argued on behalf of the State, that, conceding the affidavit to have been bad on a motion to quash, the question

of its want of sufficiency was not reached by the motion in arrest, as that did not constitute one of the two causes for which only the judgment may be arrested in a criminal case. The two causes for which the judgment may be only so arrested are,

1. That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

2. That the facts stated do not constitute a public offence. 2 R. S. 1876, p. 409, sec. 144.

The affidavit and information, upon which a criminal prosecution may be predicated in particular cases, are intended to, and do in fact, take the place of the indictment, when the prosecution proceeds upon them, and, in such a case, constitute, in a certain generic sense, the indictment which gives the court jurisdiction of the offence charged.

We think, therefore, that the word "indictment," as used in the first clause of section 144, *supra*, must be construed to include the affidavit and information, which may, in certain cases, form the basis of a criminal prosecution, and that when such prosecution is founded upon affidavit and information, the judgment may be arrested for the want of any material jurisdictional averment, either in the affidavit or in the information.

The case of *Shinn* v. *The State*, 68 Ind. 423, is cited as sustaining the sufficiency of the affidavit in this case, but in that case the materiality of the jurisdictional averments, omitted as above set forth in this case, was neither discussed by counsel, nor considered by this court.

The court obviously erred in refusing to arrest the judgment. Other questions are discussed by counsel on both sides, which need not now be decided.

The judgment is reversed, and the cause remanded for further proceedings. The clerk will give the proper notice for a return of the prisoner.