### No. 10151.

### THE STATE *v.* BUNNELL.

CRIMINAL LAW.—*Affidavit and Information.—Statute Construed.— Witnesses.*— Section 1679, clause 5, R. S. 1881, construed in connection with sections 1671 and 1756, does not imperatively require the names of the witnesses to be stated in the body of the affidavit on which an information is based; and it is error to quash it for the omission to do so.

From the White Circuit Court.

*D. P. Baldwin,* Attorney General, *F. P. Hench,* Prosecuting Attorney, *W. S. Hartman,* —— *Owens* and *W. E. Uhl,* for the State.

*A. W. Reynolds* and *E. W. Sellers,* for appellee.

NIBLACK, J.—This was a prosecution upon affidavit and information for selling intoxicating liquor without a license.

The body of the affidavit was as follows:

" Peter Hemmer, being duly sworn, on his oath says that Thomas J. Bunnell, on the 16th day of January, 1882, at the county of White and State of Indiana, did unlawfully sell to ·one Peter Hemmer intoxicating liquors, to wit, one quart of intoxicating liquors, at and for the price of twenty cents, to be drank and suffered to be drank in the house and appurte-

nances thereto belonging of him, the said Thomas J. Bunnell, he, the said Thomas J. Bunnell, not then and there having a license to sell intoxicating liquors to be drank or suffered to be drank in his said house, or the appurtenances thereto belonging, according to the laws of the State then in force, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana." The names of Peter Hemmer and Mike Burke were endorsed on the affidavit as witnesses.

As to its substantial averments the information followed the affidavit.

On motion of the defendant, Bunnell, both the affidavit and information were quashed and he was discharged.

The State has appealed and assigned error upon the decision of the court quashing the affidavit and information.

The motion to quash both the affidavit and information was sustained upon the ground that the affidavit did not contain the names of the witnesses by whom the offence charged in it could be proven.

The fifth clause of section 106 of the criminal code of 1881, Acts 1881, p. 134, provides that, "Whenever, either in term or vacation, any competent and reputable person has knowledge of the commission of any misdemeanor, not within the exclusive jurisdiction of a justice of the peace, he may make an affidavit before any person authorized to administer oaths, setting forth the offence, and the person charged, in plain and concise language, together with the names of the witnesses, and file the same with the clerk, who shall thereupon notify the prosecuting attorney thereof. The prosecuting attorney shall at once prepare and file an information, in term or vacation, in every case against the person charged in said affidavit."

On behalf of the appellee, it is contended that the plain meaning of this clause is, that the names of the witnesses must be inserted in the body of the affidavit to be filed with the clerk, and that thereby the names of the witnesses are made

a material part of the affidavit, necessary to support an information filed upon it.

The construction contended for might be given to the clause in question, without doing violence to the literal meaning of the language used by it, but we can not agree that such a construction ought to be given to the clause when considered with reference to other provisions of the criminal code, and the long established practice in this State in criminal proceedings.

In the first place, whatever it is material to allege in the affidavit to be filed with the clerk, like the allegations of an indictment or information, must be proved at the trial before the party charged can be convicted.

In the next place, the names of the witnesses do not constitute any part of the description of, or an ingredient in, any crime defined by or punishable under the laws of this State.

If, therefore, the construction contended for by counsel for the appellee should be adopted, the prosecuting attorney would be required to prove at the trial matters which were neither jurisdictional in their character nor an element in the crime charged in the affidavit, a result unsupported by any of the analogies in criminal prosecutions, and inconsistent with the general scope and spirit of the code of criminal procedure.

The information may contain more than is averred in the affidavit, but it must not omit any material matter embraced in the affidavit. Moore's Criminal Law, section 135. An information will not be quashed when there is sufficient matter alleged to indicate the crime and the person charged. Acts 1881, p. 148, section 181. Applying that rule to the affidavit filed in this case, we see no objection to its sufficiency in any material respect. It set forth the offence, and person charged, in plain and concise language, and that was all that was necessary to sustain the information based upon it.

When, under the criminal code of 1852, an affidavit was filed with the clerk, or deposited with the prosecuting attorney, to be used as the foundation for an information, the names of the witnesses had also to be furnished. 2 R. S. 1876, p. 377,

section 22. This was evidently to enable the prosecuting attorney to endorse the names of the witnesses on the information, as the prosecuting attorney could not get a continuance on account of the absence of a witness, unless his name was endorsed on the information.

When, therefore, the criminal code of 1881 was enacted, it was, and for many years had been, the practice to require the person making an affidavit for an information, to furnish with the affidavit the names of the witnesses by whom it was expected the offence could be proved.

The provision of the code of 1852, thus requiring the names of the witnesses to be furnished, was, however, directory merely, as the prosecuting attorney was at liberty to obtain the names of witnesses from any other available source, and endorse them on the information. See sections 18, 27, 28 and 88 of the criminal code of 1852. Section 98 of the code of 1881 provides that when an indictment is returned into court, the names of all the material witnesses must be endorsed upon it, but permits other witnesses to be afterwards subpœnaed by the State; the only difference between the two classes of witnesses being that a continuance can not be granted on account of the absence of a witness whose name was not endorsed on the indictment when it was presented by the grand jury. This provision of the code is alike applicable to prosecutions upon information as the series of sections to which it belongs has reference to informations as well as indictments.

We, therefore, construe the fifth clause of section 106 of the code of 1881, set out as above in this opinion, as meaning that, when a person having knowledge of the commission of a misdemeanor makes an affidavit setting forth the offence and the person charged, he is required at the same time to furnish the names of the witnesses by whom he has reason to believe the offence can be proven, and that he may do this by inserting the names of the witnesses in the affidavit, by endorsing their names on the affidavit, or by causing a list of such names, to be made in some other appropriate way, to be

filed with the affidavit, regarding the provision as to the names of witnesses as being directory only, and as not comprising the only method by which the prosecuting attorney may obtain the names of witnesses for the State.

Thus construing the clause of the statute under consideration, we are necessarily brought to the conclusion that the court below erred in quashing the affidavit, as well as the information.

The judgment is reversed, with costs, and the cause remanded for further proceedings.