No. 9344.

COX v. RASH ET AL.

EVIDENCE.—*Action to Recover Real Estate.*—*Claimant's Title.*—One who seeks to recover real estate must recover on the strength of his own title, and not on the weakness of his adversary's.

SAME.—*Descents.*—*Illegitimate Child of Decedent.*—An illegitimate child, claiming title to real estate of its father, must prove that he died intestate, without heirs resident in the United States.

SAME.—*Marriage.*—*Cohabitation and Reputation.*—Where a husband dies intestate without issue, leaving neither father nor mother, but an illegitimate child, his widow takes his entire estate, which upon her death descends to her heirs; and, in an action by such child to recover real estate so descending, it is not necessary that such heirs prove the marriage of the decedents by the record, nor by a witness of the ceremony, but may prove it by evidence of cohabitation and reputation.

SAME.—*Objections.*—*Bill of Exceptions.*—A party objecting to offered evidence must state the grounds of his objection at the time, and embody them in his bill of exceptions.

From the Hancock Circuit Court.

*J. A. New* and *C. E. Barrett*, for appellant.

*W. S. Denton*, for appellees.

ELLIOTT, J.—Appellant claims title to real estate, of which Thomas J. Hicks died seized, upon the ground that she is the illegitimate child of the deceased.

It is incumbent upon one who seeks to establish title to real estate to show such facts as constitute title; the recovery must be upon the strength of the claimant's own title, not upon the weakness of his adversary's. It was necessary, therefore, for the appellant to prove title in herself, for no matter how weak that of her adversary, unless her own was good, no recovery could be had.

At common law, an illegitimate child could not inherit. Our statute has changed the rule, and provides that such a child may in some cases take by descent. It is only in such cases as the statute makes provision for, that an illegitimate child can inherit from the father. The statute enables such a child

to inherit in cases where the father dies intestate without heirs resident in the United States.   1 R. S. 1876, p. 410.

It was essential, therefore, for the appellant to show, as part of her case, that Thomas J. Hicks died intestate, leaving no heirs resident in this country.   We have carefully examined the evidence and are of the opinion that it does not establish this material fact.

We think the evidence shows title in the appellee Ginsey Rash.   It appears that Thomas J. Hicks and Elizabeth Hicks had lived together as husband and wife for almost thirty years, that they constantly declared that they were married, and those who knew them always recognized them as husband and wife. They had no children, and Thomas died leaving his wife surviving him, but leaving neither father nor mother.   Elizabeth survived Thomas about a year and died leaving, so far as the evidence shows, no other heir than her sister Ginsey Rash.

It is clear that if Elizabeth was the wife of Thomas, she inherited at his death the real estate in controversy.   Where a husband dies intestate without issue, and leaving neither father nor mother surviving him, the widow takes the entire estate.    This is expressly declared by the 26th section of the statute of descents.   *Sullivan* v. *McGowen,* 33 Ind. 139.

It is contended that there was no marriage proved, for the reason  that no record was introduced and no witness present at the ceremony was adduced.   Marriage in such a case as this need not be proved by the record.   Nor does it require the testimony of a witness ,who was present at the time the marriage took place.   In *Bowers* v. *Van Winkle,* 41 Ind. 432, it was said:   " It is a general rule that in civil suits, except for criminal conversation, cohabitation and reputation are sufficient evidence of marriage.   *Fleming* v. *Fleming,* 8 Blackf. 234 ;   *Trimble* v. *Trimble,* 2 Ind. 76."

We do not feel called upon to decide whether a marriage, valid where made, is void under the statute of this State, because one of the parties has more than one-eighth negro blood. There was evidence fairly justifying the inference that Thomas

J. Hicks was a white man, without any admixture of African blood. We can not disturb the finding of the court upon the question of fact whether Hicks was or was not of negro blood.

The argument upon the rulings admitting evidence is unavailing for the reason that the record does not show that any objections were stated to the trial court. It is settled that the party must not only state his objections at the time the evidence is offered, but he must also embody them in his bill of exceptions. *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98).

Judgment affirmed.

Petition for a rehearing overruled.