No. 10,322.

THE STATE *v.* FRAIN.

CRIMINAL LAW. — *Amendment of Affidavit and Information.* — *Practice.*— Whether the refusal to permit an amendment of an affidavit and information was erroneous, cannot be considered unless the record shows what amendment was proposed.

SAME.—*Pleading.*—The affidavit and information for a misdemeanor need not show why the prosecution was not commenced by indictment.

From the Martin Circuit Court.

*D. P. Baldwin*, Attorney General, *H. C. Duncan*, Prosecuting Attorney, and *L. Stephens*, for the State.

*C. S. Dobbins*, for appellee.

WOODS, J.—Prosecution, upon affidavit and information, for a misdemeanor,—carrying a dangerous weapon. Motion to quash both affidavit and information sustained. The record shows that, upon an intimation by the court that the motion to quash would be sustained for reasons stated, but not shown in the record, the prosecuting attorney moved for leave to amend, which motion, in respect to the affidavit, was overruled; and this ruling, as well as the decision upon the motion to quash, is assigned for error.

The bill of exceptions does not show what amendment it was proposed to make; it is therefore impossible to say that the court erred in refusing to give leave to amend.

The question discussed, under the decision upon the motion to quash, is whether or not, when the crime charged is a misdemeanor only, it must be stated in the affidavit and information, according to the *first* and *second* clauses of section 106 of the act concerning criminal practice, R. S. 1881, sec. 1679, that the accused is in custody or on bail upon the charge, and that the grand jury is not in session, or has been discharged; or that the indictment has been quashed and the grand jury for the term discharged; or, under the *fifth* clause of that section, is it enough to charge the particular misdemeanor, without reference to the matters specified in the other clauses?

The latter view we deem to be the right one. Indeed, it is explicitly declared in section 159 of the act referred to, R. S. 1881, sec. 1733, that "The information may be substantially in the same form as that given for an indictment. * * It shall not be necessary, in an information, to state the reason why the proceeding is by information instead of indictment. And in a prosecution for a felony by information, it shall not be necessary to prove the facts showing the right so to prosecute by information, unless such facts are put in issue by a verified plea in abatement."

We therefore hold that for a misdemeanor neither the affidavit nor the information need state any reason why the prosecution should be in that mode, rather than by indictment. It

follows, the affidavit and information being otherwise good, that the court erred in its ruling upon the motion to quash.

Judgment reversed, with costs, and with instructions to overrule the motion to quash.