Hodge v. The State.

No. 10,626.

HODGE v. THE STATE.

85  561
125  373
127  412
| 85  561|
144  430|
147  10|

CRIMINAL LAW.—*Prosecution by Affidavit and Information.*—*Jurisdictional Facts.*—Under section 1733, R. S. 1881, where a prosecution is by affidavit and information, it is not necessary to state in the information the jurisdictional facts which must exist, under the provisions of section 1679, R. S. 1881, to entitle the State to prosecute the defendant by information based upon affidavit instead of by indictment.

SAME.—*Sufficiency of Evidence.*—*Supreme Court.*—Where it appears that the jury were authorized by the evidence in the record to find the defendant guilty, the Supreme Court will not disturb their verdict on the evidence.

SAME.—*Instructions to Jury.*—*Omission to Instruct.*—*Available Error.*—Where the court's instructions to the jury are right, but there is an omission to instruct on some point, the defendant can not, by merely saving an exception to the instructions given, get an available error into the record on account of such omission to instruct.

From the Henry Circuit Court.

*J. M. Brown*, for appellant.

*F. T. Hord*, Attorney General, *L. P. Newby*, Prosecuting Attorney, and *W. B. Hord*, for the State.

HOWK, J.—This was a prosecution against the appellant, upon affidavit and information, for the offence of grand larceny. The appellant's motion to quash the affidavit and information was overruled by the court, and his exception saved to this ruling. Upon his arraignment and plea of not guilty, the issues joined were tried by a jury and a verdict was returned finding him guilty as charged, and assessing his punishment at confinement in the State's prison for eighteen months, a fine in the sum of $40, and disfranchisement for two years. Over his motions for a new trial and in arrest of judgment, and his exceptions saved, the court rendered judgment on the verdict.

The following decisions of the circuit court are assigned as errors by the appellant:

1. In overruling his motion to quash the affidavit and information;

2. In overruling his motion for a new trial; and,

3. In overruling his motion in arrest of judgment.

The first and third of these alleged errors call in question. the sufficiency of the affidavit and information. Only one objection is pointed out by the appellant's counsel to the affidavit and information, and that is, it is claimed, neither of them states such jurisdictional facts as would authorize the prosecution of the appellant upon affidavit and information, or in any other mode than by indictment, for the felony wherewith he was charged. In section 1679, R. S. 1881, it is provided as follows: "All public offences, except treason and murder, may be prosecuted in the circuit and criminal courts by information based upon affidavit in the following cases:

"*First.* Whenever any person is in custody, or on bail, on a charge of felony or misdemeanor, except treason and murder, and the court is in session, and the grand jury is not in session or has been discharged.

\*    \*    \*    \*.    \*.    \*    \*    \*    \*

"*Fourth.* Whenever a public offence has been committed, and the party charged with the offence is not already under indictment therefor, and the court is in session, and the grand jury has been discharged for the term."

In the affidavit and information in this case the jurisdictional facts, if such they may be called, were charged as follows: "That the said George Hodge is not now under indictment; that the Henry Circuit Court is now in session in said county; and that the grand jury in said county is not now in session."

If it were necessary that the affidavit and information should contain a statement of the so-called jurisdictional facts, which authorize the prosecution of a person charged with the commission of a felony, in any other mode than by indictment, it would seem to us that these facts were stated in the affidavit and information, in this case, in substantial compliance with the requirements of the statute; for it was shown, both in the affidavit and in the information, that a public offence had been

committed, that the appellant, who was charged with the offence, was not under an indictment therefor, that the proper court was in session, and that the grand jury was not in session. This showing was amply sufficient, we think, to authorize the prosecution of the appellant for the felony charged, upon affidavit and information, if any such showing had been necessary under the law. In section 1733, R. S. 1881, after giving the formal parts of an information, it is expressly provided as follows: " It shall not be necessary, in an information, to state the reason why the proceeding is by information instead of by indictment. And, in a prosecution for a felony, by information, it shall not be necessary to prove the facts showing the right to prosecute by information, unless such facts are put in issue by a verified plea in abatement." State v. Frain, 82 Ind. 532.

Under these statutory provisions it is very clear that the objection of appellant's counsel to the affidavit and information, in the case now before us, is not well taken, and can not be sustained. It follows that no error was committed by the court in overruling either the motion to quash the affidavit and information, or the motion in arrest of judgment. The cases of Davis v. State, 69 Ind. 130, Lindsey v. State, 72 Ind. 39, Burroughs v. State, 72 Ind. 334, and State v. Henderson, 74 Ind. 23, in which a different rule of criminal pleading was recognized and acted upon, were all decided before the criminal code of 1881 took effect and became a law, and can not now be regarded as authorities upon the question of the sufficiency of the affidavit and information. Criminal pleading is a proper subject of legislation, and the General Assembly has seen proper, as it had the right to do, to declare a different rule on the subject from that previously enunciated in the cases cited by this court.

It is claimed by the appellant's counsel that the verdict of the jury was not sustained by the evidence. A careful examination of the evidence, however, has led us to the conclusion that it was sufficient to authorize the appellant's conviction.

of the felony wherewith he was charged. The evidence was chiefly circumstantial, but the circumstances proved all tended to show the appellant's guilt. The question was one peculiarly within the province of the jury, and we can not say, either from the evidence or from the arguments of appellant's counsel, that the jury erred in their verdict of guilty. No good purpose would be subserved by setting out the evidence and commenting thereon, in this opinion. It will suffice for us to say that the jury were authorized, we think, by the evidence in the record, to find the appellant guilty. We can not disturb their verdict on the evidence.

The court instructed the jury, among other things, as to the different forms of their verdict, if they found the appellant guilty of grand larceny, or guilty merely of petit larceny; but no instruction was given as to the form of the verdict if they should find him not guilty of any offence. The appellant excepted to the instructions given, but did not ask for any additional instruction. His counsel now complains very earnestly of the omission or failure of the court to instruct the jury in regard to the form of their verdict if they should find that the appellant was not guilty of any offence. It is very clear, however, that this complaint comes too late, and can not be made available here for the reversal of the judgment. Where the trial court, through oversight or otherwise, omits or fails to instruct the jury on any such matter as the one under consideration, the party aggrieved by such omission or failure must ask the court for an instruction in relation to such matter, before he can successfully complain in this court of such omission or failure. A mere exception to the instruction given will not, as a rule, present the omission or failure as an available error for the reversal of the judgment. *Jones* v. *Hathaway,* 77 Ind. 14.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.