Elder *v.* The State.

Judgment affirmed.

Filed May 27, 1884.

---

No. 11,701.

ELDER *v.* THE STATE.

| 96 | 162 |
| 125 | 873 |
| 96 | 162 |
| 128 | 69 |
| 96 | 162 |
| 144 | 480 |
| 145 | 459 |
| 96 | 162 |
| 148 | 348 |
| 151 | 145 |
| 96 | 162 |
| 158 | 555 |
| 96 | 162 |
| 169 | 386 |
| 96 | 162 |
| 171 | 666 |

CRIMINAL LAW.—*Prosecution by Information.*—*Abatement.*—A plea in abatement to an information, alleging that after the filing of the affidavit and information, which was done in term time, the grand jury had been in session during the same time and been discharged, without returning an indictment against defendant, is bad on demurrer.

SAME.—*Constitutional Law.*—*Title of Act.*—*Special Legislation.*—The provisions of section 1679, R. S. 1881, are within the title of the act of which it is a part, and they are not special legislation within the meaning of sections 22 and 23, art. 4, of the State Constitution.

SAME.—*Evidence.*—Proof of the facts necessary to authorize a prosecution by information is unnecessary, where there is no plea in abatement putting them in issue. R. S. 1881, section 1733.

From the Clay Circuit Court.

*S. W. Curtis,* for appellant.

*F. T. Hord,* Attorney General, *S. M. McGregor,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a criminal prosecution upon affidavit and information, under section 1679, R. S. 1881. The

Elder *v.* The State.

affidavit and information were both in two counts. The first count of each charged the crime of burglary, and each second count charged grand larceny.

The defendant, the appellant here, upon oath, pleaded in abatement that the Clay Circuit Court had no lawful jurisdiction either of the defendant or over the subject-matter of the prosecution, because there had been no indictment returned against him for the offences with which he stood charged, but that he was held for trial on the charges of burglary and grand larceny preferred by affidavit and information only; that before and since the alleged commission of the crimes for which he was held for trial, the Clay Circuit Court had been and was still in session; that after the filing of the affidavit and information against him, the regular grand jury of Clay county had met and continued in session about one week, and had adjourned without returning an indictment against him for the crimes charged by the affidavit and information; that he, the defendant, was taken into custody after the commencement of the term of the Clay Circuit Court then in session, and during which said regular grand jury convened, and continued in session as herein above stated. Wherefore the defendant demanded that the prosecution should abate.

The circuit court sustained a demurrer to the plea in abatement, and a jury found the defendant guilty of burglary as charged, fixing his punishment at confinement in the State's prison for four years and disfranchisement for a definite period of time. Over a motion for a new trial challenging the sufficiency of the evidence, judgment followed upon the verdict.

The first objection urged to the proceedings below is that the provisions of section 1679, *supra*, are not sufficiently indicated by the title of the act of which it forms a part.

This section is the same, and is more properly known as section 106 of the act of April 14th, 1881 (Acts 1881, p. 134), entitled "An act concerning proceedings in criminal cases,"

and certainly has reference to the kind of proceedings referred to in the title.

The next objection made is that the section in question constitutes special legislation in derogation of sections 22 and 23 of article 4 of the Constitution of the State. But the provisions of the section have a uniform operation throughout the State, and apply to all alike under similar circumstances. Legislative enactments, thus operating and applying, can not be rightfully classified as special legislation. *Heanley* v. *State*, 74 Ind. 99.

Section 17 of article 7 of the Constitution of the State provides that " The General Assembly may modify or abolish the grand jury system."

That provision confers upon the Legislature a large discretion as to the manner in which criminal offences shall be prosecuted.

The plea in abatement presented only the question whether when proceedings are properly commenced against a supposed offender by affidavit and information filed in the circuit or criminal court, the subsequent meeting of the grand jury of the county deprives the court of its jurisdiction to proceed upon the affidavit and information.

The first substantive division of section 1679, referred to in argument as above, declares that "All public offences, except treason and murder, may be prosecuted in the circuit and criminal courts by information based upon affidavit in the following cases:

"*First.* Whenever any person is in custody, or on bail, on a charge of felony or misdemeanor, except treason and murder, and the court is in session, and the grand jury is not in session or has been discharged."

It is a well recognized principle, pertaining to the jurisdiction of courts, that when a court once acquires jurisdiction of a cause it is entitled to retain its jurisdiction until the cause is disposed of, despite any new proceeding which may

be thereafter commenced in the same or any other court, covering the same subject-matter. The grand jury not being in session when the affidavit and information in this case were filed, the court below immediately acquired jurisdiction of the charges made by them against the appellant, and became entitled to proceed to trial upon them, regardless of any subsequent or intervening meeting of the grand jury of the county.

It is claimed that there was no evidence tending to establish any of the facts necessary to confer jurisdiction by affidavit and information, and that for that reason the verdict was not sustained by sufficient evidence.

Section 1733, R. S. 1881, provides that in prosecutions for a felony by information, it shall not be necessary to prove the facts showing the right of the State to prosecute in that way, unless such facts are put in issue by a verified plea in abatement.

As a careful re-reading of the plea in abatement filed in this cause will readily disclose, it did not put in issue any jurisdictional fact. There was consequently no necessity of making proof of any merely jurisdictional fact at the trial of the cause. *Hodge* v. *State*, 85 Ind. 561; *Powers* v. *State*, 87 Ind. 97.

We need not therefore inquire whether there was any evidence tending to prove the facts which conferred jurisdiction to proceed by affidavit and information. These facts, not being put in issue by the plea in abatement, were, as a legal inference, admitted.

For the reasons given, the circuit court did not err either in sustaining the demurrer to the plea in abatement, or in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Filed June 17, 1884.