Hoover v. The State.

No. 12,857.

Filed April 8, 1887.

———————◆———————

No. 13,691.

HOOVER v. THE STATE.

CRIMINAL LAW.—*Indictment.—Information.—Indorsements.—Part of Record.*—The original indictment, with all the indorsements required to be upon it, is a necessary part of the record when a prosecution rests thereon, and the same is true of an information.

SAME.—*Testing Sufficiency of Affidavit and Information.—Motions to Quash and in Arrest.*—The sufficiency of an affidavit and information may be tested

by either a motion to quash or a motion in arrest, under the same general rules which apply to indictments.

SAME.—*Time of Filing.*—A motion to quash, as well as in arrest, raises the question as to whether the information was filed, and, if so, whether at the proper time.

SAME.—*Jurisdiction.*—*Felony.*—*Information Filed in Vacation.*—The circuit and criminal courts have no jurisdiction to try a person charged with a felony by an affidavit and information filed in vacation.

SAME.—*Commencement of Prosecution.*—The inquiry as to the existence of the necessary jurisdictional facts must be confined to the time of the commencement of the prosecution.

SAME.—*Arrest of Judgment.*—Where an affidavit and information are filed charging a person already in custody with a felony, the prosecution dates from the time of such filing, and if the conditions necessary to confer jurisdiction to proceed in that form instead of by indictment do not then exist, a motion in arrest of judgment should be sustained.

From the Madison Circuit Court.

*W. A. Kittinger*, *L. M. Schwin* and *E. B. McMahan*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

NIBLACK, J.—On the 4th day of February, 1886, an affidavit was filed with the mayor of the city of Anderson, charging the appellant, Henry Hoover, with having, on that day, committed an assault and battery with intent to murder John Suman.

Upon a hearing of the charge thus made, the mayor ordered the appellant to enter into recognizance in the sum of one thousand dollars for his appearance at the ensuing March term of the Madison Circuit Court, which was to convene on the 8th day of March, 1886, and, in default of his having entered into such a recognizance, committed him to the county jail.

On the 22d day of February, 1886, one Amos Coburn made before, and filed with, the clerk of such circuit court an affidavit charging the appellant with the same offence, and on the same day the prosecuting attorney filed in said clerk's office an information against the appellant, based on

Coburn's affidavit. During the ensuing March term of the circuit court, the appellant appeared to the affidavit and information, and pleaded not guilty to the charge preferred by them against him. A jury found him guilty as charged, fixing his punishment at a fine of one dollar and imprisonment in the State's prison for the term of five years.

The appellant thereupon moved in arrest of judgment upon the ground that as the affidavit and information were both filed in vacation of the circuit court, that tribunal had no jurisdiction to try him upon such pleadings, claiming that the jurisdiction to try a felony without an indictment depends upon the filing of the affidavit and information while the proper court is in session.

Section 1679, R. S. 1881, provides that "All public offences, except treason and murder, may be prosecuted in the circuit and criminal courts by information based upon affidavit in the following cases:

"*First.* Whenever any person is in custody, or on bail, on a charge of felony or misdemeanor, except treason and murder, and the court is in session, and the grand jury is not in session or has been discharged."

*Second.* When, in certain contingencies, an indictment has been quashed.

*Third.* When the cause has been appealed to the Supreme Court and reversed on account of some defect in the indictment.

*Fourth.* When a public offence has been committed, and the party charged is not already under indictment, "and the court is in session, and the grand jury has been discharged for the term."

"*Fifth.* Whenever, either in term or vacation, any competent and reputable person has knowledge of the commission of any misdemeanor not within the exclusive jurisdiction of a justice of the peace, he may make an affidavit before any person authorized to administer oaths, setting forth the offence and the person charged in plain and concise language, to-

gether with the names of the witnesses, and file the same with the clerk, who shall thereupon notify the prosecuting attorney thereof. The prosecuting attorney shall at once prepare and file an information, in term or vacation, in every case against the person charged in said affidavit."

Section 1733, of the same revision of the statutes, which prescribes the form of an information, concludes : "And in a prosecution for a felony by information, it shall not be neces-sary to prove the facts showing the right so to prosecute by in-formation, unless such facts are put in issue by a verified plea in abatement."

There is some obscurity in the general structure as well as in some of the minor details of section 1679, above referred to, and we have already had considerable difficulty in giving to several of its provisions a practical and harmonious con-struction. *Lindsey* v. *State*, 72 Ind. 39 ; *State* v. *Bunnell*, 81 Ind. 315 ; *State* v. *Frain*, 82 Ind. 532 ; *State* v. *De Long*, 88 Ind. 312 ; *Elder* v. *State*, 96 Ind. 162 ; *State* v. *Boswell*, 104 Ind. 541.

The section, however, when taken in connection with sec-tion 1733, recognizes an obvious distinction between prose-cutions for felonies and those for misdemeanors, as to the neces-sary existence of jurisdictional facts before a prosecution can be commenced by information under it.

As has been seen, the fifth clause of the section expressly authorizes the filing of an affidavit and information for an offence amounting only to a misdemeanor, at any time, whether in term time or in vacation, and no provision is made for raising the question as to any of the enumerated jurisdic-tional facts, in prosecutions for misdemeanors. On that sub-ject, see the case of *State* v. *Frain*, *supra*.

This, as a practical result, leads to the conclusion that no question as to the existence of any of such jurisdictional facts can be raised in a prosecution for a misdemeanor upon affi-davit and information. When, however, a proper plea in abatement is filed in a prosecution for a felony, it becomes

incumbent on the State to establish the facts conferring jurisdiction before it is entitled to proceed to trial on the merits, or even to require the defendant to plead further to the charge against him.

In the very nature of things, therefore, the inquiry as to the existence of the necessary jurisdictional facts must be confined to the time of the commencement of the prosecution.

When a person is arrested on a criminal charge without a warrant, the proceeding is, in a certain sense, the commencement of a prosecution. 1 Bishop Crim. Proc., sections 30, 31. But where the filing of an affidavit is necessary to obtain a warrant, the prosecution is deemed to have been commenced when the affidavit is filed. It is the affidavit which, in such a case, invokes the jurisdiction of the officer or tribunal before whom or which it is filed. Wharton Crim. Plead., section 1; *Housh* v. *People,* 75 Ill. 487.

In a case like the one before us, where the defendant is in custody, the prosecution necessarily dates from the time of filing the affidavit and information. The information is based upon the affidavit, and when both are filed the prosecution must be said to have been commenced. If the court then has any jurisdiction over the subject-matter of the charge, that jurisdiction is thereby invoked. If it has not then any such jurisdiction, the proceeding is without avail. After-acquired jurisdiction can not be made to relate back and cure the defect. To so carry back an after-acquired jurisdiction would be very much like sustaining a prosecution which was commenced before the alleged crime was committed. The requisite contingencies to confer jurisdiction had not, therefore, happened when the affidavit and information in this cause were filed, and for that reason a plea in abatement would have constituted a good defence.

The original indictment, with all the indorsements required to be upon it, is a necessary part of the record when a prosecution rests upon an indictment, and the same may be said

of an information. *Johnson* v. *State*, 23 Ind. 32; *Heacock* v. *State*, 42 Ind. 393; *Beard* v. *State*, 57 Ind. 8; *Moore* Crim. Law, section 261; *Cooper* v. *State*, 79 Ind. 206; *State* v. *Bowman*, 103 Ind. 69; *Strange* v. *State, post*, p. 354.

The affidavit and information take the place of an indictment, and, in a certain generic sense, constitute the indictment. Their sufficiency may consequently be tested by either a motion to quash or a motion in arrest, under the same general rules which apply to indictments. *Lindsey* v. *State*, *supra*. The information must not only be based upon an affidavit, but it must also be signed and filed by the prosecuting attorney. R. S. 1881, section 1678.

A motion to quash, as well as in arrest, consequently raises the question as to whether the information was filed, and if so, whether at the proper time. When the motion in arrest in this case was entered, the record then before the circuit court disclosed the fact that at the time the information was filed, all the conditions necessary to confer jurisdiction to proceed without an indictment did not exist. It follows that the motion in arrest of the judgment ought to have been sustained.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

The clerk will give the necessary notice for the return of the prisoner to the custody of the sheriff of Madison county.

