No. 17,721.

## LANKFORD v. THE STATE.

APPELLATE PROCEDURE.—*Waiver of Error.— Brief.*—An alleged error is waived by failure to refer thereto in appellant's brief.

SAME.—*Sufficiency of Evidence.—Criminal Law.*—A conviction amply supported by the evidence will not be disturbed on appeal, no matter how strong the opposing evidence may be.

EVIDENCE. — *Incompetent.— Objection After Admission.— Appellate Procedure.*—An objection to incompetent evidence after its admission, without a motion to strike out the particular matter, will not be considered on appeal.

SAME.—*Objection, When too General.*—An objection to the admission of evidence must specifically designate the particular evidence objected to.

CRIMINAL LAW.— *Rape.—Prosecution by Information.*— One may be prosecuted for rape by affidavit and information, although a grand jury had been in session since his arrest and had been discharged without indicting him, under R. S. 1894, section 1748, subd. 1, authorizing a prosecution in that manner for all public offenses, except treason and murder, where the court is in session and the grand jury is not in session, or has been discharged.

SAME.— *Prosecution by Information.— Plea in Abatement.—Case Overruled.*—A plea in abatement to a criminal charge prosecuted by affidavit and information, alleging that there was a grand jury regularly drawn, and that the grand jury had not been discharged for the term when the affidavit and information were filed, is insufficient under R. S. 1894, section 1748, authorizing a prosecution in that manner, "where the grand jury is not in session, or has been discharged." (*State* v. *Boswell*, 104 Ind. 541, overruled.)

SAME.—*Information.—Plea in Abatement.*—A plea in abatement of a criminal charge by affidavit and information must negative all the provisions of the statute authorizing a prosecution of the offense in that manner.

From the Knox Circuit Court.

*W. A. Cullop, C. B. Kessinger, H. Burns* and *J. S. Pritchett,* for appellant.

*W. A. Ketcham,* Attorney-General, and *F. E. Matson,* for State.

McCabe, J.—The appellant was convicted on a charge of rape, alleged, in the affidavit and information on which he was prosecuted, to have been committed on one Dora Little, who was alleged to be a female child under the age of fourteen years.

The court, at the proper time, sustained a demurrer to appellant's plea in abatement and overruled his motion for a new trial and his motion in arrest of judgment.

Error is assigned on these rulings. The last one of the alleged errors is waived by appellant in failing to refer to it in his brief.

The substance of the plea in abatement is that, on the 25th day of October, 1894, the affidavit and information were filed in the Knox Circuit Court; that he had theretofore, to-wit: on July 2d, 1894, been bound over to the Knox Circuit Court by the mayor of Vincennes to answer said charge, and that he had been in custody ever since up to October 25, 1894; "that at the Knox Circuit Court there was a grand jury regularly drawn to investigate into high crimes and misdemeanors committed within the jurisdiction of the county prior to the first day of September, 1894, and during said term; that on the 25th day of October, 1894, when said affidavit and information were so filed against him said grand jury had not been discharged for said term, and no order of said court had been made relative to the discharge of the same for said term of court;" that he is not guilty of any crime as charged in said affidavit and information; that he had not been indicted by any grand jury for the same during said term or any other, and that during all of said time the Knox Circuit Court was in session.

It has been held by this court that to constitute a good plea in abatement of a criminal charge by affidavit and information, the plea must negative all

the provisions of the statute authorizing a prosecution for the offense by affidavit and information. *State* v. *Drake*, 125 Ind. 367.

Prosecutions by affidavit and information of all public offenses, except treason and murder, are authorized by our criminal code in any one of the four cases, namely: 1. Whenever a person is in custody or on bail on a charge of felony or misdemeanor, except treason and murder, and the court is in session, and the grand jury is not in session, or has been discharged. 2. Whenever an indictment presented by the grand jury has been quashed, and the grand jury for the term, when such indictment is quashed, is not in session or has been discharged. 3. When a cause has been appealed to the Supreme Court and reversed on account of any defect in the indictment; and 4, Whenever a public offense has been committed, and the party charged with the offense is not already under indictment therefor and the court is in session, and the grand jury has been discharged for the term. R. S. 1894, section 1748 (R. S. 1881, section 1679). All these facts must be negatived and put in issue by a plea in abatement, or it will be insufficient on demurrer. *Hodge* v. *State*, 85 Ind. 561; *Elder* v. *State*, 96 Ind. 162; *State* v. *Drake*, *supra*.

Conceding, without deciding, that the facts essential to authorize a prosecution by affidavit and information in the two cases last named have been sufficiently put in issue by the plea, we think it does not put in issue the facts named in the first case, authorizing such a prosecution, namely, that "the grand jury is not in session or has been discharged." The nonexistence of these two facts must be alleged.

It is alleged that the grand jury had not been discharged, which sufficiently negatives one only of the facts in question. But the non-existence of that fact

is not enough, because its non-existence is not inconsistent with the fact that the grand jury is either in session or has never been impaneled. There is no allegation that the grand jury was then in session, or ever had been during the term. If it had not been so in session, the right to prosecute by affidavit and information was authorized by statute, as we have seen. Hence, the plea to be sufficient should have negatived the fact by alleging that the grand jury was in session, and thus put in issue the right to so prosecute. Instead of alleging that the grand jury was in session, the plea alleges that "there was a grand jury regularly drawn," but it nowhere alleges that such grand jury was ever impaneled or organized, or ever went into session. Without showing that the grand jury was ever in session during the term, it would be idle to allege that it had not been discharged. Such nondischarge would be perfectly consistent with the fact that such grand jury had never been impaneled, and therefore consistent with the right to prosecute by affidavit and information. But even if the allegation that there was a grand jury regularly drawn could be held equivalent to an allegation that it was impaneled and went into session, still the plea is insufficient because it nowhere states what term of court it was drawn for. There might have been a grand jury drawn for a subsequent term and not at the term at which appellant was prosecuted. In such case he could be prosecuted by affidavit and information. The law does not absolutely require a grand jury at every term of the circuit court. *Kennegar* v. *State*, 120 Ind. 176. But even if a grand jury had been in session since appellant's arrest and had been discharged without indicting him, is no reason why he may not be prosecuted by affidavit and information. *State* v. *Boswell*, 104 Ind. 541, upon this point is overruled, as it inter-

polates into the statute a condition inconsistent with its plain provisions.

A plea in abatement must be strictly construed. *Musgrave* v. *State*, 133 Ind. 297; *Billings* v. *State*, 107 Ind. 54.

Therefore, the allegation that there was a grand jury regularly drawn is not equivalent to an allegation that such grand jury was impaneled, organized or went into session, nor that such grand jury had been in session. Hence, the court did not err in sustaining the demurrer to the plea in abatement.

The fourth and fifth reasons for a new trial relate to the testimony of Eliza Little, the mother of the prosecutrix. The testimony and objection thereto read as follows: "I know the witness, Jureau, who has testified in this case. He came to my house next morning, on the 8th of May, 1894, and told me about what Larkin Lankford, the defendant, had, the night before on the road from Vincennes, done to Dora, and then I spoke to her about it. The way I came to speak to her about it was that Jureau told me what he heard defendant say to her on the night before, to which statements the defendant at the time objected and excepted, for the reason that it was a conversation which affected him in his rights in this case, and such statements and conversations so given by the witness were not in the hearing and presence of the defendant."

An objection to incompetent evidence merely after its admission is generally unavailing. *Pence* v. *Waugh*, 135 Ind. 143; *Jennings* v. *Sturdevant*, 140 Ind. 641. Assuming without deciding that the testimony in question was incompetent, the record fails to show that appellant took such steps as he should have done to make his objection thereto available. It does not appear whether the testimony was given in answer to

a question calculated to elicit the same, in which case to make his objection available he should have objected to the question, stating the grounds of his objection; nor does it appear to have been an answer not responsive to a proper question, but it appears to have been voluntarily given by the witness without being questioned. If objectionable evidence is volunteered by a witness, or given in an answer that is not responsive to a proper question asked or otherwise, before objection can reasonably be made, a motion should be made to strike out the particular matter which is considered improper. *Vickery* v. *McCormick*, 117 Ind. 594; *Clanin* v. *Fagan*, 124 Ind. 304; *Pence* v. *Waugh*, *supra; Jennings* v. *Sturdevant*, *supra*.

The failure to object by a motion to strike out was a waiver of the objection.

The fifth reason for a new trial relates to the testimony of the same witness as to a conversation with her daughter, the prosecutrix, the same morning. The 6th, 8th and 9th reasons for a new trial relate to certain testimony given over appellant's objection, by the witnesses, Leathers, Lake and Anthis, but no ground on which any of these objections are made is stated in the record.

An objection to the admission of evidence must state the ground of objection and must be sufficiently specific to designate the particular evidence objected to. *City of Delphi* v. *Lowery, Admx.*, 74 Ind. 520; *Clay* v. *Clark*, 76 Ind. 161; *Cressler* v. *Williams*, 80 Ind. 366; *Cox* v. *Rash*, 82 Ind. 519; *Shackman* v. *Little*, 87 Ind. 181; *Kuhns* v. *Gates*, 92 Ind. 66; *Noe* v. *State*, 92 Ind. 92; *Shade* v. *Creviston*, 93 Ind. 591; *Wabash, etc., R. W. Co.* v. *Tretts*, 96 Ind. 450; *Bottenberg* v. *Nixon*, 97 Ind. 106; *Shafer* v. *Ferguson*, 103 Ind. 90; *Grubbs* v. *Morris*, 103 Ind. 166; *Chapman*

v. *Moore*, 107 Ind. 223; *Louisville, etc., R. W. Co. v. Jones*, 108 Ind. 551; *McKinsey* v. *McKee*, 109 Ind. 209; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *Litten, Admr.*, v. *Wright School Tp.* 127 Ind. 81; *Stanley* v. *Holliday*, 130 Ind. 464; *Fowler* v. *Wallace*, 131 Ind. 347. Otherwise the objection is deemed waived. *Bass* v. *State*, 136 Ind. 165.

It is made one of the grounds in the motion for a new trial that the evidence does not support the verdict, and it is urged in argument that it is not sufficient to show the guilt of the accused beyond a reasonable doubt.

While there is some conflict in the evidence, yet that part of it which tends to support the verdict is overwhelming and amply supports it. Under such circumstances we cannot reverse, no matter how strong the opposing evidence may be. *Deal* v. *State*, 140 Ind. 354. The court did not err in overruling the motion for a new trial. None of the errors alleged and urged in argument being available, the judgment is affirmed.

Filed April 1, 1896.