Reynolds *et al. v.* Bond *et al.*

No. 9541.

Reynolds et al. *v.* Bond et al.

Will.—*Legacy.—Charge on Land.—Pleading.—Judgment.—Estoppel.*—By his will B. devised to his son J. a tract of land, "by paying" a certain sum in annual instalments, the money "to be divided equally between" himself and six other children of the testator. The devisee accepted the provisions of the will, and paid off the legacies to three of his brothers, and satisfied his own. After his death the others brought suit to recover theirs and make them a charge upon the land in the hands of others, made defendants, to whom it had passed, J. being dead and insolvent. They alleged non-payment to themselves.

*Held,* that their complaint was good without averring a failure to pay to the executors of B.

*Held,* also, that the complaint need not aver a final settlement of the estate of B.

*Held,* also, that the approval by the proper court of a report made by the executors of B. (one of whom was J.) did not relieve the land from the charge upon it.

*Held,* also, that the fact that the plaintiffs had obtained judgment against the executors of B. and their sureties upon their bond as such, for the amount of their legacies, alleging for breach of the bond the non-payment by the executors to them of their shares of the money with which the executors had so charged themselves, was no defence to the suit to enforce the charge upon the land.

Costs.—*Separate Issues by Several Defendants.*—Where one of several de-
fendants made separate issues which were found against him, the
plaintiff was, by section 400 of the code of 1852, entitled to a separate
judgment against him for the costs of such issues.

From the Hamilton Circuit Court.

*F. H. Levering, D. V. Burns, C. S. Denny* and *E. H. Gran-
ger,* for appellants.

*D. Moss, T. J. Kane, R. R. Stephenson* and *T. P. Davis,* for
appellees.

Franklin, C.—This action was brought by appellees as
legatees of the will of Ornon Bond, deceased, against appel-
lants, claiming an interest in the lands alleged to be charged
with the payment of the legacies, asking to have the legacies
declared a lien upon the land, and that it be sold for the pay-
ment of the same.

Separate demurrers were filed and overruled to the com-
plaint, which ruling is assigned as error.

The substantial allegations of the complaint are, that Ornon
Bond died in 1873, seized in fee of certain described lands;
that item four of his will is as follows: "It is my will that
my son Jesse should have the balance of my quarter above
described one hundred and ten acres, by paying $50 an acre,
and to pay $1,000 a year, the first payment to be due twelve
months from the time of my death, then $1,000 each year
after until paid, and the money to be divided equally between
the heirs named, Riley, Eliza, Jane, Nathan, John, Jesse and
Joel;" that the legatee Jesse accepted the provisions of said
item four, and took possession of said land, and paid off and
discharged the legacies above named to Nathan, Riley, Joel
and himself; that the plaintiffs are the other legatees and de-
scendants of legatees, some of whom, named in said item,
have since died, and that the money so bequeathed to them is
still unpaid and is now due; that afterwards the said Jesse
Bond died intestate, and left no estate save what had been
taken by his widow under the law; that prior to his death he
executed to (appellant) The Travellers Insurance Company a

mortgage on said land to secure the payment of $3,000, which is unpaid; that, after the execution of said mortgage, he conveyed the land to the defendant W. C. Reynolds; that Lydia C. Reynolds is his wife, and that the defendants Haines and Small claim some interest in the land.

Prayer that the amounts due the plaintiffs should be found, and decreed to be liens senior to the liens of appellants. A copy of the will is made a part of the complaint.

Two objections are made to the complaint:

1st. It does not allege that the executors had not collected the legacies charged upon the land from Jesse Bond.

2d. That the estate of Ornon Bond had been finally settled.

The complaint does charge that the legacies had not been paid to the appellees, and as Jesse Bond was both payor of the legacies and executor of the will, it is no excuse for him to say that he had charged himself as executor with the money, but had not paid it to the distributive legatees. The land could not be released from the charge by this formal transfer of the fund, to which the legatees were not parties.

Ornon Bond died in January, 1873; the land was bequeathed to Jesse Bond by his paying $5,500, $1,000 annually; he accepted the provisions of the will, took possession of the land, and paid a part of the distributive legacies, and thereby took the land with the personal obligation to pay, and the charge of the payment of the legacies upon the land.

This suit was commenced August 24th, 1880.

The legacies were then all due, and we think it was sufficient to allege that they had not been paid to the legatees, and that it was not necessary to allege that the money had not been paid to the executors.

Upon this point we are referred to the cases of *Jackson* v. *Martin*, 18 Johns. 31, and *Fox* v. *Phelps*, 17 Wend. 393.

In the first case above named, the question was as to what kind of an estate passed, whether for life or a fee, and the court held that if the performance of the conditions was made a charge upon the land, an estate for life passed, but if the

performance was made a charge upon the person, the estate was a fee simple.

No such question is raised in this case, and we do not think the authority applicable. We think it obvious in this case, that a conditional fee passed, and that the performance of the condition was made a charge upon the land. *Lindsey* v. *Lindsey*, 45 Ind. 552, and the authorities therein cited.

In the case in 17 Wend., *supra*, certain real estate was willed to two sons, with a provision that it should be leased and the proceeds applied in the education of two other children, until they arrived at a certain age (the court held that this provision was a charge upon the land). The will contained a further provision that, upon the daughter's arrival of age, or marrying, the land should be valued, and that the two sons to whom it was willed should pay, and they were respectively required to pay, an equal part of his estate to the rest in cash. The court held that this provision, although it was a personal charge on the devisees, might still be enforced as an equitable mortgage on the estate in their hands. And the case of *Birdsall* v. *Hewlett*, 1 Paige, 32 (19 Am. Dec. 392), is referred to in support thereof.

In the case at bar, the legatee was to have the land by paying so much at designated times to the other children, to be equally divided between them, which presents a strong case of a charge upon the land.

Upon the objection that the complaint does not aver a final settlement of Ornon Bond's estate, we are referred to the cases of *Highnote* v. *White*, 67 Ind. 596, and *Gould* v. *Steyer*, 75 Ind. 50.

The first of these two cases was an action of replevin brought by a legatee against the administrator with the will annexed, for a chose in action belonging to the estate, in which this court rightly held that the administrator was entitled to the possession of the note, at least until such estate was settled. We can not see wherein that case applies to the question under consideration.

The second case referred to was a suit by a legatee against a residuary legatee to have property sold, both real and personal, after the death of the widow, which had been passed over to her by the executor of the husband's estate, she having a life-estate in the same, the legacy being payable at her death, and the residuary legatee having taken possession of the property. The court held the complaint bad, because it did not show a settlement of the estate, and a discharge of the administrator with the will annexed. We can not see the applicability of that case to this question. The complaint in this case seeks to make the payment of the legacies a charge upon the property conditionally bequeathed, alleging that the estate of the legatee, to whom it was conditionally bequeathed, is insolvent.

In the recent case of *Lofton* v. *Moore, post,* p. 112, it was held by this court, that a devisee, who has accepted the devised real estate, is personally liable for the payment of the legacies given by the will, but this personal liability will not relieve the real estate, and that where, by the terms of the will, a legacy is secured by making it a charge on real estate, such lien must be enforced against the real estate without resorting first to the personal estate of the testator.

In the case at bar, the real estate being the primary source for payment of the legacies, it is not necessary to aver a settlement of the personal estate, before applying to have the lien declared upon the realty for the payment of the legacies.

We think the complaint stated facts sufficient to constitute a good cause of action, and there was no error in overruling the demurrers to it.

Appellants Reynolds and wife answered jointly, in three paragraphs, and appellant The Travellers Insurance Company answered separately, in three paragraphs.

Appellees demurred severally to the second and third paragraphs of Reynolds and wife's answer, and to the third paragraph of The Travellers Insurance Company's answer. The demurrers were sustained. The other paragraphs of the an-

swers were all withdrawn ; appellants declined to amend, and judgment was rendered for appellees.

The rulings upon the demurrers to the answers are also assigned as errors.

Both sets of answers present the same questions, and it is unnecessary to examine but one.

The answers present two alleged defences:

1st. That the executors in 1875 reported to the court, charging themselves with the $5,500, as having been paid to them, on account of said legacies chargeable upon the land, which report was accepted and approved by the court.

2d. That appellees in August, 1877, commenced suit in said court upon the bond of said executors against the principals and surety therein, alleging as a breach thereof the failure to pay to said legatees the money which they had so charged themselves with, and in said suit recovered a judgment for the sum of $1,665.75, fixing each one of appellees' distributive shares thereof. That relying upon the land being released from the payment of the money, by the executors charging themselves with it, they were innocent purchasers for a valuable consideration, entitled to protection ; and they asked to have their liens declared to have priority over the claims of appellees.

Each paragraph of the answer also states that after Jesse Bond had taken possession of the land under the will, and the executors had made said report, he mortgaged said land to appellant The Travellers Insurance Company, for the sum of $3,000, and had conveyed the same to said Reynolds for the sum of $6,750.

There can be no controversy over the fact that appellees had at one time prior liens to appellants, and the question is, have the appellants superseded them by their laches or overt acts, or the appellants becoming innocent purchasers for a valuable consideration?

So far as the report of the executors is concerned, that was

an *ex parte* proceeding; and appellees could not be held guilty of laches for not opposing its approval by the court.

Their suit upon the bond to recover the money is not an inconsistent remedy with the present, which estops them from having their lien declared, any more than a judgment upon a note would estop the judgment plaintiff from afterwards having a mortgage foreclosed which had been given to secure the payment of the note, or the foreclosure of a vendor's lien, after taking judgment for the consideration. The taking of the judgment upon the bond was in favor of and not against appellants' interests, if the money had been made in that way, it would have released the land from the lien and liability to pay it, and they ought not to complain of an effort in their behalf.

As to the claim of appellants, that they relied upon the report of the executors, and were innocent purchasers: If they relied upon that, they must have been acquainted with its contents, and with the contents of the will. It was only by the terms of the will that Jesse Bond claimed any title to the land, and appellants could not establish their title independent of the will. They were chargeable with all the links of record necessary to constitute the title. The will provided that Jesse Bond should have the land by paying the money, and that the money should be paid to these legatees. It was only by the payment of the money to the legatees, that he could have an unincumbered title to the land. The report did not show that the money had been so paid. It is not claimed that the report showed anything more than that the executors had charged themselves with it as having been paid to them; it showed that the money was yet in their hands, and upon which said judgment had been rendered, and did not even show that any portion of it was, or ever had been, in the hands of Jesse Bond's executor. The report being made in 1875, when only the second instalment out of the six had become due, has somewhat the appearance of an attempt to transfer the funds, by charging the executors with

them, without the payment of the money. There was enough in the report and the will to give sufficient notice to appellants of the facts, and they can not be regarded as innocent purchasers.

We think neither paragraph of the answers stated facts sufficient to constitute a defence to the action, and the court below did not err in sustaining the demurrers to each of the paragraphs.

The last error assigned is, that the court erred in rendering judgment against appellant The Travellers Insurance Company, for costs.

This judgment was special, not general, and reads as follows: "And that the plaintiffs recover of the defendant The Travellers Insurance Company, their costs and charges made on account of the defence of the defendant."

This judgment is in accordance with the 400th section of the code, which provides that in actions where there are " several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor."

There was no error in the rendition of the judgment for costs.

We find no error in this record. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.