Jennings *et al. v.* Sturdevant.

Filed April 4, 1895.

---

No. 17,103.

JENNINGS ET AL. *v.* STURDEVANT.

WILL.—*Legacy, Enforcing Against Lands Charged With Its Payment.—Filing It as a Claim Against Estate of Testator.—Personal Liability of Devisees.*—Where devisees and the lands devised to them are charged by the will with the payment of a certain legacy it is not necessary for the legatee to present such legacy as a claim against the testator's estate before seeking to enforce it against such devisees and such lands, even though the administrator had ample funds within his possession with which to pay it.

SAME.—*Charges Upon Land, What Is Sufficient to Make It, and to Charge the Devisees Personally —Proportionate Share.*—A provision of a will providing that A shall be made equal with B and C, and also giving a legacy to A, to be paid out of the testator's estate, if the amount so given be left in the estate when it is settled, and if there is not enough so left, providing that the remainder shall be "an

Jennings *et al. v.* Sturdevant.

equal charge on" certain lands of the testator devised to B and C, is sufficient to charge B and C and the real estate devised to them with the payment of two-thirds of such legacy.

SAME.—*Consent of Executor to Legatee Taking Possession of Legacy.*— A legatee can not take possession of his legacy of personal property without the consent of executor nor recover possession of it, but he can maintain an action to enforce a legacy given him, which is a charge upon real estate and against other devisees, without such consent.

PRACTICE.—*Objection to a Question, Serving as an Objection to Another Question.*—An objection to one question can not be made to serve as an objection to another distinct question.

WITNESS.—*Attorney, Privileged Communications.*—Communications made to an attorney in a conversation had before the relation of attorney and client existed are not such confidential communications as are privileged.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellants.
*J. F. Neal,* for appellee.

MONKS, J.—This controversy grows out of the will of Benjamin Sturdevant, deceased. By item 2 he gives eighty acres of land to Elizabeth Jennings appellant.

By item 3 he gives eighty acres of land to appellant Henry Sturdevant.

Item 4 is as follows: I having heretofore given, by way of advancement, to my son Henry about sixteen hundred dollars, and to my daughter Elizabeth I have advanced two hundred and fifty dollars, but I consider the lands I give to them will make them equal. I therefore direct that neither of them be charged with advancements.

By item 5 he gives to his son John Sturdevant, appellee, seventy-five acres of land, and proceeds as follows: "I further direct that my son John be made equal with my son Henry and daughter Elizabeth, and I direct that he be paid seven hundred dollars out of my estate if there is that amount left in settling my estate; if not enough, then I make the remainder an equal charge on

my son Henry, my daughter Elizabeth and my son John.''

By item 6 he gives his wife seventy-five acres of land during life and five hundred dollars.

By item 7 he directs that his personal property and also his real estate in Noblesville be sold to pay his debts and bequests to his wife, and that the remainder, after the payment of his debts and bequests, be equally divided among his heirs.

The complaint sets forth the terms of the will and avers that by said will the testator disposed of all his property, real and personal; that there was no personal property out of which said legacy to appellee could have been or can now be paid; that there are no funds in the hands of said executor which could be applied to such payment, and that there is no property, real or personal, belonging to said estate, subject to be made assets, out of which the legacy to appellee could be paid; that said executor has exhausted all of said estate subject by law or said will to the payment of the debts, bequests or legacies of said decedent, and the same had proved insufficient therefor; that said testator, at the time he executed his will, did not have sufficient personal property to pay all the legacies provided in his will, which was well known to him at the time, nor had he sufficient personal property to pay the same at the time of his death; that in the settlement of his estate, it has been found necessary to raise in other ways than were provided for by said testator in his will, the sum of twelve hundred dollars to pay valid and subsisting indebtedness; that the devisees under said will have all accepted the provisions thereof and have entered into, and still hold, possession of the lands devised to them; that appellee has never received his bequest of seven hundred dollars, nor any part thereof; that he has as often demanded the same

of said appellants and each of them before the commencement of this action; that the same is due and unpaid, etc.

To the complaint, appellants filed a demurrer for want of facts, which was overruled and an exception taken. An answer was filed, to which there was a reply. The cause was tried by the court, finding for appellee, and, over a motion for a new trial by each appellant, a judgment was rendered against appellants.

The only reasons urged for a reversal of the cause are:

First. That the court erred in overruling the demurrer to the complaint.

Second. That the court erred in overruling a motion for a new trial.

Third. That the court erred in overruling appellants' motions to modify the judgment.

Appellants contend, with much earnestness, that the complaint is insufficient, for the reason that it does not aver that the estate is finally settled and the executor discharged. Citing *Gould* v. *Steyer*, 75 Ind. 50.

The legacy claimed by appellee is not to be paid, in any event, out of the personal estate, but it is only to be so paid if there is that amount left in settling the estate, if not, then it is made a specific charge on Henry and Elizabeth, appellants, and appellee, John.

The complaint alleges that there are no assets in the hands of the executor, or that could come into his possession with which he could pay the legacy, or any part thereof.

It was not intended by the testator that the real estate specifically devised to his widow, the appellee and appellants should be sold to pay the legacy to appellee.

The allegations in the complaint show that all the real estate and personal property not specifically devised

has been sold and paid out on the liabilities of the estate, and that nothing remains with which to pay said legacy except the real estate devised to appellants, upon which it is a charge.

Under the provisions of item five of the will, this is sufficient to charge appellants and the real estate devised to them, with the payment of two-thirds of the legacy. *Lindsey* v. *Lindsey*, 45 Ind. 552; *Porter* v. *Jackson*, 95 Ind. 210; *Lofton* v. *Moore*, 83 Ind. 112; *Duncan* v. *Wallace*, 114 Ind. 169; *Reynolds* v. *Bond*, 83 Ind. 36.

It is provided in item 7 of the will that all the personal property not bequeathed to his wife be sold; also his town property be sold, and that with the same his debts and the bequest of $500 to his wife be paid, and that the remainder be equally divided among his heirs.

It would seem from this item, construing it in connection with item 5, that the testator did not intend that the legacy to appellee should be paid out of his estate, but that it should be paid by appellants in the first instance.

In any view of the case, the complaint was sufficient to withstand the demurrer, and the court did not err in overruling the same.

It is also urged by appellants that the complaint is insufficient for want of an averment that appellee had the consent of the executor to take possession of his legacy, citing *Highnote* v. *White*, 67 Ind. 596.

The rule stated in the case cited is that a legatee can not recover possession of his legacy against the consent of the executor. This rule, however, does not apply to a legacy like the one in controversy here, but to legacies of specific personal property to the possession of which the executor is entitled as assets of the estate. *Highnote* v. *White, supra,* and authorities cited.

One of the causes for a new trial discussed by counsel

for appellants calls in question the ruling of the trial court admitting in evidence certain testimony of one William Neal. Appellee contends that no question as to the admissibility of the testimony of said witness complained of is presented by the record. In this contention the appellee is correct. The question propounded to the witness to which objection was made and the grounds therefor stated, was not answered. The testimony of the witness was given in answer to other questions to which no objections were made, or if made were sustained. Such testimony, however, seems to be admissible upon the authority of *Daugherty, Admr.*, v. *Rogers*, 119 Ind. 254.

Another cause for a new trial urged by appellants is that Neal was not a competent witness under section 497, R. S. 1881 (section 505, R. S. 1894), for the reason that the witness was the attorney of the testator at the time the communications were made to him by the testator, and the same were confidential. The witness testified that he was not the attorney of the testator when he had the conversation about which he testified, and his examination by appellants clearly shows this fact. This objection was properly overruled by the court.

The court rendered a personal judgment against appellants, on the finding, to which they objected, and filed motions to modify the same in this respect for the reason that they, nor either of them, were personally liable for said legacy, and that no personal judgment could be rendered against them therefor, which was overruled and exceptions reserved, all of which is brought into the record by a bill of exceptions. There was no error in overruling these motions. *Porter* v. *Jackson, supra,* and authorities cited. There is no available error in the record.

Judgment affirmed.

Filed March 22, 1895.