## EIKMAN, EXECUTOR, *v.* LANDWEHR.

[No. 7,040.    Filed April 30, 1909.    Rehearing denied May 25, 1909.]

1. APPEAL.—*Controlling and Subsidiary Matters.*—The courts, on appeal, may disregard subsidiary matters of procedure, where the controlling question requires an affirmance of the judgment. p. 726.

2. WILLS.—*Trusts.—Charge Upon Lands.*—A will devising and bequeathing all of testator's real and personal estate to his widow and further providing: "My will is that my beloved wife pay to [appellee], an adopted daughter, the sum of $500 when she arrives at the age of twenty-one years old, providing she [appellee], is good and kind to my wife, as a daughter should be, and if not obedient, my will is that she shall not receive the $500 herein named," creates a continuing trust in favor of appellee, which is a charge upon the real estate devised, and subject to be defeated by her improper conduct.   p. 726.

3. WILLS.—*Legacies.—Directions to Devisee or Executor to Pay.*— A will bequeathing a legacy and directing it to be paid by the devisee, or executor who is a devisee, constitutes such legacy a charge upon the real estate.   p. 729.

4. CONTRACTS.—*Acceptance of Devise.—Payment of Legacy.*—A devisee accepting a devise charged with the payment of a legacy, becomes personally liable for the payment thereof regardless of the value of the devise.   p. 729.

5. WILLS.—*Construction.—Intention.*—The intention of the testator is the object which should be attained in the construction of a will; and to determine such intention all the words used, together with the relations of the parties, should be considered.   p. 729.

6. LIMITATION OF ACTIONS.—*Legacy.—Contract of Devisee to Pay.* —A contract by a devisee to pay a legacy which was a charge upon the devisee's land, is governed by the fifteen-year statute of limitations (§296 Burns 1908, §294 R. S. 1881).   Rabb and Myers, JJ., dissenting.   p. 730, 733.

7. WILLS.—*Trusts.—Continuing.—Legacies.—Charge Upon Land.— Limitation of Actions.*—A devisee accepting real estate charged with the payment of a legacy, takes it subject to a continuing trust against which the statute of limitations does not begin to run until after a demand is made and refusal given.   Rabb and Myers, JJ., dissenting.   p. 730.

From Hancock Circuit Court; *Edward W. Felt,* Special Judge.

Action by Mary C. Landwehr against Edward C. Eikman, as executor of the will of Christina M. Geisel, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Edward C. Eikman, Samuel J. Offutt* and *James D. Ermston,* for appellant.

*William W. Cook* and *Charles H. Cook,* for appellee.

Comstock, P. J.—Action to recover a claim against the estate of Christina M. Geisel, deceased. The complaint averred, in substance, that appellee when a child was taken into the home and raised in the family of John and Christina M. Geisel; that she was regarded, treated, and named in the last will of said John Geisel, as an adopted daughter; that said will, which is made a part of the complaint, provided that his wife (said Christina) should pay to said claimant the sum of $500 when claimant arrived at the age of twenty-one years, provided claimant was good and kind to his wife, as a daughter should be; that said John died July 31, 1890, the owner of personal and real property aggregating $8,000; that said will was duly probated in July, 1890; that after the death of said John Geisel the claimant married; that she became twenty-one years of age on December 2, 1899; that she was at all times good and kind to said decedent, as a daughter should be, and performed all the conditions required on her part to be performed under the provisions of said will; that after the death of said John, his widow, the decedent, took the exclusive possession, control and ownership of all the estate, real and personal, paid his indebtedness, and repeatedly promised and intended to pay claimant said $500 bequeathed to her; that decedent died October 31, 1906, testate and the owner of real and personal property bequeathed and devised to her by the will of said John Geisel; that she devised and bequeathed said property and made no provision for the payment of said legacy to claimant; that at her death said legacy was long past due. The issues were

formed by the general appearance of the executor. The cause was tried by a jury, resulting in a verdict and judgment in favor of appellee. Among other facts, the jury, in answer to interrogatories, found specially that the surviving widow accepted the terms of the will and paid all the indebtedness of her husband's estate, except the bequest to appellee; that all of the estate of John Geisel, deceased, was taken possession of and appropriated by the widow; that it was of the approximate value of $12,000; that said widow acknowledged said claim of $500, and said that she would settle it independently of her will.

There are alleged errors founded upon the giving of certain instructions and upon the refusal to give others. The questions growing out of these alleged errors are all

1. subsidiary to the controlling question which is passed upon, and, while we have considered them, we have not deemed it necessary to refer to them further in the opinion.

The appellee in this case claims that by the will before us the testator intended to and did charge his estate in the hands of the widow with a continuing trust in favor

2. of appellee. It is insisted by appellant that no trust was created or intended to be created; that any claim has been barred by the statute of limitations; that the provision of the will in question was merely directory; that the devisee's failure to pay the legacy did not create a charge against the land; that Christina M. Geisel took the estate in fee simple and free from any liability upon same; that her taking the estate created merely an implied promise to pay. In *Hess* v. *Singler* (1873), 114 Mass. 56, 59, it is said: "It is a settled doctrine of courts of chancery that a devise or bequest to one person, accompanied by words expressing a wish, entreaty or recommendation that he will apply it to the benefit of others, may be held to create a trust, if the subject and the objects are sufficiently certain. Some of the earlier English decisions had a tendency to give to this doctrine the

weight of an arbitrary rule of construction. But by the later cases, in this, as in all other questions of the interpretation of wills, the intention of the testator, as gathered from the whole will, controls the court; in order to create a trust, it must appear that the words were intended by the testator to be imperative; and when property is given absolutely and without restriction, a trust is not to be lightly imposed, upon mere words of recommendation and confidence.'' In the case of *Warner* v. *Bates* (1867), 98 Mass. 274, 277, Chief Justice Bigelow, speaking for the court, said: ''If the objects of the supposed trusts are certain and definite; if the property to which it is to attach is clearly pointed out; if the relations and situation of the testator and the supposed *cestuis que trust* are such as to indicate a strong interest and motive on the part of the testator in making them partakers of his bounty; and above all, if the recommendatory or precatory clause is so expressed as to warrant the inference that it was designed to be peremptory on the donee, the just and reasonable interpretation is that a trust is created, which is obligatory and can be enforced in equity as against the trustee by those in whose behalf the beneficial use of the gift was intended.''

The will in question provides: First, for the payment of all the just debts and funeral expenses of the testator; next, it devises and bequeaths to his wife, Christina Mary Geisel, ''all the rest and residue of my estate, real, personal and mixed, after my just debts, funeral expenses, etc., are paid of which I shall die seized and possessed, or to which I shall be entitled at my decease.'' Following that is the clause in controversy, which reads as follows: ''My will is that my beloved wife pay to Mary Catherine Geisel, an adopted daughter, the sum of $500 when she arrives at the age of twenty-one years old, providing she, Mary Catherine, is good and kind to my wife, as a daughter should be, and if not obedient, my will is that she shall not receive the $500 herein named.'' This devise is subject only to the provision

that said Mary Catherine is good and kind to my wife as a daughter should be, and upon her reaching the age of twenty-one years. This conditional legacy was plainly specific, and had annexed to it the conditions upon which she might by her actions defeat it. Mary Catherine was referred to as the adopted daughter. Although not in law adopted by the testator, she had been a member of his family from infancy, and filled the place made vacant by his otherwise childless condition. The provision thus made was doubtless inspired by the affection arising from the associations beginning with the infancy of the beneficiary. The trust and its mandatory character were recognized by the devisee when she promised, years after the death of her husband, to pay it.

The case of *Murphy* v. *Carlin* (1892), 113 Mo. 112, 20 S. W. 786, 35 Am. St. 699, is analogous in its facts to the case at bar, and the questions to be decided are much the same. See, also, *Noe* v. *Kern* (1887), 93 Mo. 367, 6 S. W. 239, 3 Am. St. 544. In the case of *Colton* v. *Colton* (1888), 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138, the will of the testator contained the following provisions: "I give and bequeath to my said wife, Ellen M. Colton, all of the estate, real and personal, of which I shall die seized or possessed or entitled to. I recommend to her the care and protection of my mother and sister, and request her to make such gift and provision for them as in her judgment will be best. \* \* \* I hereby appoint my said wife to be the executrix of this my last will and testament, and desire that no bonds be required of her for the performance of any of her duties as such executrix." Held, that the complainants, mother and sister, took under the will a beneficial interest out of the estate given to the wife, to the extent of a permanent provision for them during their respective lives, suitable and sufficient for their care and protection, etc.

In *Brown* v. *Knapp* (1879), 79 N. Y. 136, 143, it is said: "It is well settled that when a legacy is given and is directed

to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is the devisee of real estate. 2 Redfield, Wills (3d ed.), *209; *Mensch* v. *Mensch* [1869], 2 Lans. (N. Y.) 235; *McLachlan* v. *McLachlan* [1842], 9 Paige *534; *Wood* v. *Wood* [1858], 26 Barb. 356; *Dodge* v. *Manning* [1848], 1 N. Y. 298; *Reynolds* v. *Reynolds' Executors* [1857], 16 N. Y. 257; *Gridley* v. *Gridley* [1861], 24 N. Y. 130; *Harris* v. *Fly* [1839], 7 Paige 421; *Olmstead* v. *Brush* [1858], 27 Conn. 530. If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise." See, also, *Williams* v. *Nichol* (1886), 47 Ark. 254, 263, 1 S. W. 243; *Bohon* v. *Barrett's Executor* (1881), 79 Ky. 378.

The text-books which treat of the construction of wills and the reported cases upon the same subject all agree that the intention of the testator is of primary importance in considering and in applying rules of construction.

The intentions of the testator are to be collected from the words used, and ought to be carried into effect if they be consistent with law. "In the construction of ambiguous expressions, the situation of the parties may very properly be taken into view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration in expounding doubtful words and ascertaining the meaning in which the testator used them." *Colton* v. *Colton, supra.* It has been frequently said that no technical language is necessary to create a trust either by deed or by will. "It is not necessary to use the words

'upon trust' or 'trustee,' if the creation of a trust is otherwise sufficiently evident." *Colton* v. *Colton, supra.* The intention of the testator is to be gathered in each case from the general purpose and scope of the instrument. 1 Perry, Trusts (5th ed.), §§82, 151, 158; *Creswell's Admr.* v. *Jones & Dunn* (1880), 68 Ala. 420.

If the provision of the will does not create a continuing trust, it is clear that it gives a conditional legacy to which the appellee is entitled by reason of the fulfilment, as found by the answers to interrogatories, of all of the conditions upon which it was made to depend. That legacy became a charge, if not upon the real estate of the testator, then upon the devisee and upon her estate. Upon that view of the case, if upon no other, the judgment should be

6. affirmed, because it is conceded by appellant that appellee's cause of action did not accrue until December 2, 1899. The statute did not begin to run until that time, and the claim is governed by §296 Burns 1908, §294 R. S. 1881, which prescribes fifteen years as the time in which such actions are to be brought. *Witz* v. *Dale* (1891), 129 Ind. 120; *Nutter* v. *Hawkins* (1884), 93 Ind. 260.

We are, however, of the opinion that the devisee took the land charged with a continuing trust, against which the statute of limitations does not begin to run until after demand made and refusal given. To the cases already cited we add the following: *Knox* v. *Knox* (1884), 59 Wis. 172, 18 N. W. 155, 48 Am. Rep. 487; *Erickson* v. *Willard* (1818), 1 N. H. 217; *Robson* v. *Jardine* (1875), 22 Grant Ch. 420, 424; *Bakert* v. *Bakert* (1900), 86 Mo. App. 83, 87; 1 Jarman, Wills (5th ed.), 680; 1 Lewin, Trusts (1st Am. ed.), *56; 2 Redfield, Wills (3d ed.), *410; 2 Story, Eq. Jurisp. (13th ed.), §§1068, 1068a.

Judgment affirmed.

Watson, C. J., Roby and Hadley, JJ., concur.

Rabb and Myers, JJ., dissent.

## DISSENTING OPINION.

RABB, J.—The appellee filed a claim in the court below against the estate of Christina Geisel, seeking to recover a personal judgment against the estate of the decedent on a liability incurred by the decedent in accepting the provisions made in her behalf by the will of her deceased husband, and taking possession of the property therein devised to her. It is in no sense an action to enforce a trust in the property the decedent received under her husband's will, but purely an action at law seeking a personal judgment against her estate.

The question to be decided is, Does the six-year statute of limitations apply to the action? In my judgment it does.

The basis of the liability here sought to be enforced is not the will of John Geisel, which directed the widow to pay the appellee $500. No word or act of John Geisel could create a personal liability against his wife. It is her acts, her words, and her conduct that render her and her estate personally liable to the appellee for the payment of the money directed by John Geisel to be paid to her. It is the fact averred in the complaint, that the decedent accepted the benefits of the will of her husband, and under it took possession of the property devised to her, that is the gist of the appellee's case against the estate. From these facts the law implies a contract that Christina Geisel shall pay appellee the $500. *Burch* v. *Burch* (1875), 52 Ind. 136; *Porter* v. *Jackson* (1884), 95 Ind. 210, 48 Am. Rep. 704; *Hayes* v. *Sykes* (1889), 120 Ind. 180; *Watt* v. *Pittman* (1890), 125 Ind. 168; *Schnell* v. *Schnell* (1907), 39 Ind. App. 556. The will in this case is but an incident to the appellee's cause of action sued on. The question presented is, to my mind, precisely analogous to that presented where a purchaser of real estate takes the same subject to a mortgage given to secure the payment of a promissory note, which the purchaser verbally agrees to pay. In an action to foreclose the mortgage

and enforce payment out of the property, the law relating to the limitation of actions on notes and to foreclose mortgages would govern; but if it was sought, as it is here, to enforce a personal liability against the purchaser for the payment of the note, the law governing the limitation of actions on contracts not in writing would apply. *Willard* v. *Wood* (1896), 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531.

The precise question here presented has been decided adversely to the contention of appellee in the case of *Stringer* v. *Stephens' Estate* (1906), 146 Mich. 181, 109 N. W. 269, 8 L. R. A. (N. S.) 393, 117 Am. St. 620. In that case a claim was presented against the estate of a devisee of real estate, who took the devise upon the condition, among other things, that he was to pay his mother $100 per annum, which, by the express terms of the will, was made a lien on the land. What was sought and obtained in that case, as in this, was a personal judgment against the estate for the sum due the legatee. The question of the statute of limitations was raised there, as it is here. The court held, and properly so, that, the action being based on the implied promise of the decedent to pay the legacy, the same rule regarding the limitation of actions would apply as applies to any other action to recover money founded on an implied contract. The same rule is laid down in Wood, Limitations (3d ed.), §35. See, also, *Percy* v. *Cockrill* (1893), 53 Fed. 872, 4 C. C. A. 73; *Millington* v. *Hill, Fontaine & Co.* (1886), 47 Ark. 301, 1 S. W. 547; *Zweigle* v. *Hohman* (1894), 27 N. Y. Supp. 111, 75 Hun 377; *Loder* v. *Hatfield* (1877), 71 N. Y. 92; *American Bible Soc.* v. *Habard* (1868), 41 N. Y. 619, 51 Barb. 552; *Elter* v. *Greenawalt* (1881), 98 Pa. St. 422; *Perkins* v. *Cartmell* (1848), 4 Harr. (Del.) 270, 42 Am. Dec. 753. The only case we have been able to find that in any manner conflicts with this long line of authorities is the case of *Wilson* v. *Towle* (1848), 19 N. H. 244. The court in that case, contrary to all the authorities in this and every other state in the Union, and, to my mind, to the reason and logic of the law, seems to

hold that the basis of a personal liability of a devisee, who takes a devise of land charged with the payment of a legacy, does not rest on an implied contract. The case of *Witz* v. *Dale* (1891), 129 Ind. 120, is cited as an authority for the proposition that the fifteen-year statute of limitation applies to the case. I think the case not at all in point. It was not there sought to enforce a personal liability growing out of an implied contract to pay the legacy in question, but was a direct proceeding by the administrator with the will annexed of the testator, to subject land of which the testator died seized to the payment of the legacy, and it is very clear that the fifteen-year statute applied in that case, the evidence clearly showing that more than six years had elapsed from the time appellee's cause of action had accrued until the claim was filed.

I think the finding and judgment should have been in favor of the appellant, and I cannot concur in the affirmance of the judgment.

Myers, J., concurs.

## On Petition for Rehearing.

Roby, J.—Conceding appellant's proposition that the liability claimed depends upon a promise implied from the widow's acceptance of the provision of the will, the assumption that the six-year statute of limitation applied is not warranted, for the reason that an action to enforce a trust is governed by §296 Burns 1908, §294 R. S. 1881, and is fixed at fifteen years. The right of the beneficiary to enforce the provision made for her within that period is not affected by the form of action adopted. The substance of the right asserted brings the case within the latter act. Cooley, Torts (2d ed.), *109 *et seq.; Elwell* v. *Martin* (1859), 32 Vt. 217.

Petition overruled.