## HALL, EXECUTOR *v.* CURD ET AL.

[No. 14,286.   Filed May 20, 1932.]

*Richard L. Ewbank,* for appellant.

*Edwin E. Thompson* and *Othniel Hitch,* for appellees.

WOOD, P. J.—On October 25, 1920, Charlotta Adam executed her last will and testament. Between that date and the date of her death on February 15, 1926, she executed six different codicils to this will. The appellant, as executor of said will and the codicils thereto, filed his final report on September 8, 1930. In this report, appellant stated that, on the day of the death of said testatrix, objections were filed to the probating of the will and codicils; that the will and codicils were thereafter upheld and admitted to probate; that, pending the trial of the will contest, the beneficiaries entered into an agreement under which rentals received from real estate belonging to the testatrix were used for the payment of the funeral expenses and other claims; that the testatrix left but $29 in cash, which was turned over to the Indiana Trust Company, appointed as special administrator during the will contest; that, as such executor, he received nothing from the estate of testatrix; that her beneficiaries provided the funds with which to pay the costs incident to the administration thereof in the sum of $67.10. An itemized statement of the costs was set out in the report. The executor also alleged in the report that there were no other outstanding claims to be settled by him.

Items 16 and 17 of the will of Charlotta Adam were in the following language: "Item 16. I give and devise unto my son-in-law, Albert Luke, lot numbered sixty-seven (67) in Clark's Third addition to the city of Indianapolis, Indiana, upon condition that he pay unto each of the following named persons within three months after the date of my death the sum of one hundred and eighty dollars ($180.00), viz.: Charlotta M. Curd, Rosa E. Carbough, Ethel C. Stoddard, Nellie B. Day and Paul Carbough and Mary E. Luke.

"Item 17. If either of said persons to whom said sum is to be paid shall fail or refuse to accept the same it shall be considered for the purposes of this devise to said Albert Luke that such sum was actually paid and accepted."

In the fourth codicil of her will, executed December 15, 1923, said testatrix modified Item 16 in this language: "In Item Sixteen (16) of my Will, I give to Charlotta M. Curd the sum of One Hundred and Eighty (180.00) Dollars. I now change this so that it may be given to her as she may need same for her personal use, and to be held in trust for that purpose."

The appellees each filed verified exceptions to appellant's final report as executor, in which they alleged that they had not been paid the sum of $180 as provided in the above items of the will of said testatrix, that it was the duty of the executor to encumber or sell the tract of real estate devised to Albert Luke in Item 16 of the will, for the purpose of obtaining funds with which to pay said legacies, asking the court to enter an order to that effect. To these objections, appellant filed an answer in which it was alleged that Albert Luke tendered to each of the appellees the sum of $180 within the time and as provided by said will; that appellees refused to accept said sum so tendered to each of them, and that, therefore, appellees, pursuant to the terms of the will, had waived any claim which they might have in and to said legacies.

On the issues thus joined, the cause was submitted to the court for trial. The objections of each of the appellees to appellant's final report were sustained, and the court made an order requiring appellant to withdraw his final report and subject the real estate devised to Albert Luke to sale for the purpose of creating assets out of which to pay the legacies to appellees. To this order and judgment, appellant objected and excepted.

He also filed a motion for a new trial, which was overruled.

From the judgment of the trial court, appellant appeals to this court, alleging as errors for reversal: (1) Error in sustaining the exceptions of appellee Curd to the final report of appellant; (2) error in sustaining the exceptions of appellee Willis to the final report of appellant; (3) error in sustaining the several exceptions of appellees to appellant's final report; (4) error in ordering and adjudging that appellant as executor should bring proceedings for the sale of real estate for the payment of alleged bequests to appellees; (5) error in overruling appellant's motion for a new trial.

The record shows, without contradiction, that Albert Luke accepted the devise of real estate to himself and that he had paid to each of the legatees, except appellees, the sum of $180 previous to the filing of the final report by appellant. There is evidence in the record that is not controverted showing that Albert Luke had a conversation with each of the appellees, within three months after the death of the testatrix, regarding the payment to each of them of $180, as provided in Item 16 of the will, in which he expressed a willingness to pay said legacies.

The primary purpose and object to be attained, if possible, in the construction of a will, is to ascertain and give effect to the intention of the testator, which intention must prevail, unless, to permit it to do so, would violate some positive rule of law. *Kiplinger* v. *Kiplinger* (1916), 185 Ind. 81, 113 N. E. 292; *Eikman* v. *Landwehr* (1909), 43 Ind. App. 724, 88 N. E. 105; *Henderson* v. *Gray* (1914), 27 N. D. 417, 146 N. W. 722, L. R. A. 1917 A 611. The rules which guide courts in the construction of wills have been announced so many times by our courts that we do not think it necessary to summarize them or cite authorities in support thereof.

Item 16 of the will of Charlotta Adam devised to Albert Luke a specific tract of real estate, on condition that he pay to certain named persons, including appellees, each the sum of $180 within three months after her death. This was a conditional devise of the real estate to Albert Luke, and, by accepting the same, he impliedly agreed to perform the duties, whatever they might be, which the testatrix intended to impose. He could not accept and hold the real estate devised and refuse to comply with the terms and conditions accompanying same. *Lindsey* v. *Lindsey* (1874), 45 Ind. 552; *Cann* v. *Fidler* (1878), 62 Ind. 116; *Lofton* v. *Moore* (1882), 83 Ind. 112; *Castor* v. *Jones* (1882), 86 Ind. 289; *Commons* v. *Commons* (1888), 115 Ind. 162, 16 N. E. 820, 17 N. E. 271.

When he accepted and took possession of the real estate thus devised to him, he became personally liable for the payment of the legacies which he was required to pay to appellees under the terms of the will, and their payment was secured by a lien on the real estate, which could be enforced upon its maturity without first exhausting the personal estate, if any, of the testatrix. *Reynolds* v. *Bond* (1882), 83 Ind. 36; *Porter* v. *Jackson* (1883), 95 Ind. 210, 48 Am. Rep. 704; *Lofton* v. *Moore, supra; Cann* v. *Fidler, supra;* 1 Henry, Probate Law §406, p. 515. This court has held that: " 'If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise.' " *Eikman* v. *Landwehr, supra;* 1 Henry, Probate Law, *supra.*

If Albert Luke had refused to accept the devise of the real estate with the conditions imposed upon him, then that particular tract would have been disposed of by the

residuary clause of the will of Charlotta Adam, which was contained in Item 18 thereof. 40 Cyc. 1898; *Lindsey* v. *Lindsey, supra,* and the appellees would not have been entitled to the bequest of $180. It is only by acceptance of the devise by Luke that appellees acquire any interest in the bequest. Their rights were dependent entirely upon his conduct. *Wilson* v. *Moore* (1882), 86 Ind. 244.

These legacies were not to be paid out of any personal or real estate of which the testatrix might die possessed, but it was undoubtedly her intention to make them a charge upon a specific tract of real estate, to be paid by the devisee thereof if the devise was accepted by him, and not to be paid by the executor, thus relieving her estate from their payment, and it was not intended that the legacy should be paid out of her estate, but that it should be paid by Albert Luke in the first instance. There was no charge against her estate which it was the duty of her executor to satisfy or which he had authority to satisfy under the terms of the will. It necessarily follows that the trial court erred in overruling appellant's motion for a new trial. *Wilson* v. *Moore, supra; Lofton* v. *Moore, supra; Reynolds* v. *Bond, supra; Jennings* v. *Sturdevant* (1895), 140 Ind. 641, 40 N. E. 61.

The conclusion that we have reached renders it unnecessary to discuss other questions in the brief, and on them we express no opinion.

The cause is reversed, with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.