## Doyle *v.* Paul et al.

[No. 17,845. Filed May 25, 1949. Rehearing denied October 5, 1949. Transfer denied December 19, 1949.]

On Petition for Rehearing. *Petition denied.*

*John R. Lynch,* of Crown Point, for appellant.

*E. Miles Norton,* of Crown Point; and *Guy W. Slaughter* and *Byron E. Bamber,* both of Hammond, for appellees.

MARTIN, J.—The land involved was owned by Henry Becker, Sr., who died testate, and the parties are his children or heirs of deceased children, who were

named the devisees in his Last Will and Testament. The complaint was in three paragraphs. Paragraph No. 1 was dismissed. Appellant claims the title to the real estate passed under the terms of the will and is now owned by the persons and in the proportions alleged in paragraph No. 2 of the complaint; or, if title to the real estate did not pass in the proportions set forth in paragraph No. 2 of the complaint, then that the real estate passed as undisposed of property to the heirs at law of Henry Becker, Sr., deceased, in the proportions set forth in paragraph No. 3 of the complaint.

Appellee August Becker filed a demurrer to each of said paragraphs 2 and 3 of the complaint; and certain other defendants whose interests lie with the appellant, filed a demurrer to the 3rd paragraph of the complaint upon the theory that the real estate passed as alleged in paragraph No. 2. Each of the three demurrers filed by appellees were sustained. Appellant elected to stand upon each of said paragraphs of complaint and refused to plead further or over.

The trial court thereupon found against the appellant and rendered judgment accordingly.

Appellant assigns as error the action of the trial court in sustaining the demurrer of the appellee, August Becker, to the second paragraph and third paragraph of appellant's second amended complaint, and the court erred in sustaining the demurrer of the appellees Caroline Paul, Herman Becker, Emma Becker, Ruby Becker and Wilbur Becker to the third paragraph of appellant's second amended complaint. The question presented by the ruling of the court, on each of the separate demurrers, is whether or not the second and third paragraph of complaint and each of them state facts sufficient to constitute a cause of action against the appellees.

The second paragraph of appellant's complaint proceeds upon the theory that the testator devised a life estate in the farm land in controversy to his widow, who is now deceased, and the remainder in fee simple he expressly made contingent, conditional, and subject to his sons', John and August, acceptance and their agreement to procure and pay the sum. of Six Thousand Dollars ($6,000) in the manner and to the parties mentioned in Item 5 of the will. That said devisees, John and August Becker, were dissatisfied with the terms and conditions of said will and failed and refused to accept the conditions contained in said Item 3 of the will and failed and refused to agree to procure and pay the said sum of Six Thousand Dollars ($6,000) at any time and that pursuant to Item 8 of said will the title to the farm in question vested in all of the remaining heirs to-wit: Louise Becker Meyer, Henry Becker, Herman Becker, William Becker, Minnie Becker Oldendorf, Mary Becker, now Mary Doyle, Caroline Becker Paul, Lucy Becker, by adoption, now Lucy Etzman, subject to said life estate of said widow. The items of the will that we are concerned with being Items 3, 5, and 8 are as follows:

"ITEM 3. I hereby give and bequeath to my sons John and August Becker the real estate described in Item number 2, the same to be subject to the life of my wife Ida Menze Becker, also subject to their acceptance and their agreement to procure and pay the sum of Six Thousand ($6,000.00) in the manner and to the parties mentioned in item number 5.

"ITEM 5. It is my will and I desire that the said eight thousand ($8,000.00) dollars provided for in said item No. 4, and the six thousand ($6,000.00) dollars, provided for in said item number 3, together with whatever cash, notes, mortgages, stocks or bonds that I may have on hand at the time of my death shall amount to

twenty-one thousand ($21,000.00) dollars. Shall I not have sufficient notes, mortgages, stocks, bonds or cash on hand to equal the difference of the said seven thousand ($7,000.00) dollars, then it is my desire that there be sold at executor's sale a sufficient part of the personal property belonging to my estate (exclusive to the household goods, furniture and fixtures of the home), to make up said Seven thousand ($7,000.00) dollars, required making a sum total of twenty-one thousand ($21,-000.00) Dollars. Should my estate increase in value and my income and profits be greater than I now anticipate and the cash money on hand and profits from my estate be seven thousand ($7,000.00) dollars or greater not including my personal property then in that event it is my will and desire that the twenty-one thousand ($21,-000.00) dollars or more that there may be in notes, mortgages, stocks, bonds or cash on hand be equally divided among my seven children whose names are: Henry Becker, Herman Becker, William Becker, Minnie Becker, now Minnie Ohlendorf, Mary Becker, Caroline Becker, now Caroline Paul and Lucy Becker, by adoption.

"ITEM 8. I further desire and hereby will, that should any of the beneficiaries mentioned in my said will be dissatisfied with any of the terms or conditions therein expressed that his or her share thereof, is to revert to and become a part of my entire estate, and his or her share whichever it may be, be divided equally among all of the remaining heirs to said estate, except the person or persons dissatisfied and he or she to receive nothing."

Under the assignments of error there are three questions presented to this court.

1. Whether or not the remainder in fee simple title in and to the real estate mentioned in Item 3 of the Last Will and Testament of Henry Becker, deceased, vested in John and August Becker, notwithstanding that they failed and refused to accept and to agree to procure and pay as in said

Item 3, provided, which condition was attached to the conditional bequest set forth in said Item 3.

2. Whether or not Item 8 of the Last Will and Testament of Henry Becker, deceased, is null and void because of Acts 1917, ch. 46, § 1, p. 116 appearing in Burns' 1933, § 7-501.

3. Whether or not the remainder in fee simple title in and to said real estate, upon John and August Becker's failure and refusal to accept and agree to procure and pay as in Item 3 provided, vested pursuant to Item 8 of the Last Will and Testament of Henry Becker, deceased, in all of the remaining heirs of said deceased except John and August Becker.

Items 3 and 5 of this will, together with other items were before this court in *Becker, et al.* v. *Reichers, et al.* (1929), 88 Ind. App. 595, 163 N. E. 531. This court said, "In the oral argument of this case, it was conceded by counsel for both appellants and appellees that the only point on which they seek an opinion is as to when the $6,000 payment in Item 3 of the will is due. It is agreed that Ida Menze Becker is in possession of the real estate devised to her for life, and that the $8,000 charge in Item 4 of the will has been paid.

"The will was introduced in evidence, and also oral testimony as to the disagreement of the parties concerning the meaning of the will and their desire to have the same construed.

"The court decreed that the proper construction and the legal and true meaning, intent and effect of the provisions of said will are, that the sum of $6,000 to be paid by John Becker and August Becker should be paid within a reasonable time and in the due course of the administration of said estate, and that such payment should not be deferred until the termination of the life estate of the defendant Ida Menze Becker . . ."

". . . In the instant case, the will gives to the widow a life estate in certain real estate described in Item 2, and, in Item 3, the remainder in fee in the same real estate is bequeathed to appellants, subject to their acceptance and agreement to pay $6,000 into the estate. Item 4 gives to Louise Becker certain real estate in fee simple, provided that she pay into the estate the sum of $8,000. The $6,000 and the $8,0000, together with decedent's stocks and bonds, were estimated at $21,000, which amount was to be equally divided among all of the children except the daughter Louise and the appellants. Any amount of decedent's personal estate over $21,000 was to be divided equally among all of the children. The testator makes no distinction in the will between the payment of the $6,000 and the $8,000 and it would seem that he intended that both sums should be paid at the same time.

"The statutes of this state provide for and contemplate that all estates are to be closed at the end of one year, except that, for sufficient cause shown, the same may be postponed, and the general rule governing the payment of legacies is that if the testator specifies no time in which they are to be paid, they are payable at the end of one year from the date of administration. See 28 R. C. L. 351 . . ."

". . . We hold that the $6,000 should be paid by John and August Becker in the due course of the administration of the estate."

The above decision established the law of this case on the questions therein determined. *Daugherty, et al* v. *Daugherty, et al.* (1949), 119 Ind. App. 180, 83 N. E. 2d 485.

We believe that the language used in the will is clear, and its meaning is manifest and obvious. It

is plain that the testator made the devise of the remainder, in the real estate in question, to John and August Becker contingent upon conditions, "The same to be subject to the life of my wife Ida Menze Becker, also subject to their acceptance and their agreement to procure the sum of $6,000 in the manner and to the parties mentioned in Item No. 5." Such words are words of contingency and are the usual and proper phrases to constitute a condition precedent to the vesting of title to the remainder.

"Conditions precedent" has been defined as those which must be performed or must happen before the estate can vest. *Dickey* v. *Citizens State Bank of Fairmount* (1933), 98 Ind. App. 58, 180 N. E. 36.

The testator's power to give, necessarily includes the right to withhold or attach terms and conditions to the gift, regardless of how capricious or unreasonable the conditions may seem to others, unless they violate some established principle or statute. *Dickey* v. *Citizens State Bank of Fairmount, supra.*

It was the testator's intention that said $6,000 should be paid by said John and August Becker in the due course of the administration of the estate; so that the other provisions of his will could be carried out. It is admitted by the demurrer that they failed and refused to accept the condition contained in said Item 3 and failed and refused to agree to procure and pay the said sum of $6,000 at any time.

The primary purpose and object to be attained, in the construction of a will, is to ascertain and give effect to the intention of the testator, which intention must prevail, unless, to permit it to do so, would violate some positive rule of law.

*Hall, Exr.* v. *Curd* (1932), 94 Ind. App. 440, 181 N. E. 168, and cases there cited.

We hold that the remainder in fee simple title in and to the real estate mentioned in Item 3 of the Last Will and Testament of Henry Becker, deceased, did not vest in John and August Becker, if they failed and refused to accept, and failed and refused to agree to procure and pay as in said Item 3 provided, for this was a conditional devise and said condition had to be performed as a precedent to the vesting of title.

The second paragraph of the second amended complaint alleges that John and the appellee August Becker "were dissatisfied with the terms and or conditions of said will and failed and refused to accept the conditions contained in said Item 3, and failed and refused to agree to procure and pay the sum of $6,000 at any time whatsoever."

Webster's New International Dictionary defines dissatisfy, dissatisfied, to render unsatisfied, to make uneasy by frustration, wishes or expectations; to displease by lack of something; as dissatisfied with one's fortune.

The word "dissatisfied" as used in Item 8 of the will and the second paragraph of the second amended complaint is very clear as to what it means. There is nothing ambiguous or vague about its use. The Acts of 1917, ch. 46, § 1; Burns 1933, § 7-501 reads as follows: "If, in any will admitted to probate in any of the courts of this state, there is a provision or provisions providing that if any beneficiary thereunder shall take any proceeding to contest such will or to prevent the admission thereof to probate, or provisions to that effect, such beneficiary shall thereby forfeit any benefit which said will made for said bene-

ficiary, such provision or provisions shall be void and of no force or effect."

The use of the word "dissatisfied" as used in Item 8 of the will in question, in our opinion, does not violate the above provision of the law. We hold that said provision of Item 8 is valid and in full force and effect, and if John and August Becker failed and refused to accept and agree to procure and pay as in said Item 3 provided, said remainder in fee simple title to the real estate in question vested pursuant to Item 8 of the Last Will and Testament of Henry Becker, deceased, in all the remainder heirs of said deceased except said John and August Becker. The court erred in sustaining the demurrer to paragraph 2 of the second amended complaint. The court did not err in sustaining the demurrer to the third paragraph of the second amended complaint.

Judgment reversed and said cause is remanded for further proceedings not inconsistent with this opinion.

Bowen, C. J., not participating.

NOTE.—Reported in 86 N. E. 2d 98.

## ON PETITION FOR REHEARING

MARTIN, J.—The appellee August Becker, in his petition for rehearing, contends that the appellant has presented no question in this appeal by reason of appellant's alleged failure to comply with Rule 2-17.

While we do not approve the form of the brief in its entirety, we are of the opinion that a good faith effort has been made by appellant's counsel to prepare the brief in conformity with the rules and requirements of this court so that under the rules and with full consideration thereof, this court is able to understand the questions presented in

this appeal and that the brief of the appellant is therefore sufficient for a determination of this appeal on its merits. *Aetna Life Ins. Co., Hartford Conn.* v. *Nicol* (1949), 119 Ind App. 441, 86 N. E. 2d 311; *Bryan* v. *Yoder, et al.* (1947), 225 Ind. 57, 71 N. E. 2d 474.

The appellee's, August Becker's, petition for rehearing is denied.

NOTE.—Petition for Rehearing reported in 87 N. E. 2d 885.