HALE, EXECUTOR, ET AL. *v.* KANZLER, EXECUTOR.

[No. 11,119.  Filed June 10, 1921.]

1.  WILLS.—*Construction.—Bequest of Life Estate with Devise of Remainder.*—Where testatrix bequeathed her realty to her daughter for life, and, after a further bequest of special legacies, the will provided that upon the daughter's death the proceeds of the realty when sold should go to a hospital, *held* that it was the intention of the testatrix that the payment of the legacies should be postponed until after the death of the daughter when the real estate should be sold for that purpose, and the remainder, after the payment of the special bequests, paid to the hospital.  p. 130.

2.  REMAINDERS.—*Legacies Payable After Expiration of Life Estate.—Statute of Limitations.*—Under a will bequeathing a life estate in testatrix's realty to her daughter, and making certain specific bequests which, under the terms of the will, were not payable until after the daughter's death, the statute of limitations, as against proceedings to sell the realty to pay such specific bequests, did not commence to run until the death of the daughter.  p. 131.

From Spencer Circuit Court; *Herdis F. Clements,* Special Judge.

Petition by Paul F. Kanzler, executor of the last will of Elizabeth Haag, deceased, to sell real estate to pay legacies.  From a decree ordering the real estate sold,

Charles C. Hale and another, executors of Eleanora Ribkey, beneficiary under the will, appeal.    *Affirmed.*

*R. E. Roberts* and *Louis N. Savage,* for appellants.
*Arch Stevenson* and *Emory L. Boyd* (Attorneys for co-appellants) and *Elbert M. Swan,* for appellee.

McMAHAN, J.—Appellee as executor of the estate of Elizabeth Haag filed his petition in December, 1918, to sell certain real estate for the purpose of paying legacies.    In addition to an answer of general denial, appellants Hale and Hale, as executor of the estate of Eleanora A. Ribkey, filed an answer pleading the fifteen and twenty-year statutes of limitation.

The facts found by the court are, in substance, as follows:    Elizabeth Haag died in February, 1894.    After giving all her personal property to her daughter Eleanora A. Ribkey, she disposed of her real estate, consisting of the house where she and her daughter resided, as follows:

"I furthermore will and bequeath all my real estate to said Eleanora Ribkey till her time of death, but be it expressly understood that those property real and personal, shall be and remain the absolute property of my said daughter, Eleanora Ribkey, that she may enjoy, possess and have the same free from the control, interference or liabilities of any husband she now or hereafter may have, and she shall pay all taxes on said property and keep the same in repairs and said Eleanora Ribkey shall pay all my just debts and funeral expenses.

Should she fail to pay either of said debts and expenses, my executor hereafter mentioned, shall have ample power to pay all of said taxes, debts and funeral expenses, and take charge of said real estate.

I will and bequeath to the St. John's Evangelical German church of Rockport, the sum of $50, also $10 to the Ladies Society of said church, and the remainder of the proceeds of said real estate when sold, I will and bequeath to the Good Samaritan Hospital of St. Louis, Mo."

This will was probated February 20, 1894. No letter testamentary or of administration were issued until in November, 1918, when letters testamentary were issued to appellee.

Mrs. Ribkey and her mother occupied the property referred to in the will, and described in appellee's petition herein, at the time of her mother's death, and after the death of her mother, Mrs. Ribkey continued to occupy said premises until her death in September, 1918, without any interruption, during which time she built an addition to the house, built a coalshed and woodshed, painted the house several times, put in a water system, built concrete walks and otherwise improved the property and paid all taxes and insurance for a period of more than twenty years. She also paid the debts owing by her mother, consisting of the bills for doctoring and nursing during her last sickness, and the funeral and burial expenses. Mrs. Ribkey had been ill for about three years prior to her death and in May, 1918, she executed a warranty deed to appellant for said real estate to pay him for caring for and nursing her during her illness, said deed to take effect at her death. The next day after executing this deed she made a will wherein she made bequests of her personal property and a specific legacy of $200 to appellant Hale, and she later executed a codicil to her will giving the remainder of her property real and personal to him. Neither she nor her mother had any real estate other than that described in appellee's petition. Mrs. Haag left no husband and no descendants and heirs other than her daughter, Mrs. Ribkey.

Upon these facts the court concluded as a matter of law that the real estate described should be sold and a decree was entered accordingly.

Appellants contend that the court erred in overruling

their demurrer to the complaint, in sustaining demurrers to certain answers and in the several conclusions of law.   The determination of each of these questions depends upon the construction of the will of Mrs. Haag, and they will be considered together.

The intention of the testatrix as we read the will was to give her daughter the absolute right to use and occupy the real estate during her lifetime, and that she was not to be disturbed in that right and possession unless it became necessary for the executor to take charge of said property in order to pay the debts and funeral expenses.   We are not informed as to the value of the personal property nor as to the amount of the debts of the testatrix, although it appears that the only money paid by Mrs. Ribkey on that account was for doctoring and nursing her mother during her last sickness and the funeral and burial expenses.   She also paid the taxes on the property.   The daughter was given the express right to dispose of the personal property as she might desire, but no such right was expressly given in so far as the real estate was concerned; that was given her "till her time of death" with the expressed understanding that it should be and remain the absolute property of the daughter without interference of her husband.   The bequests to the church and to the ladies' society were not debts of the testatrix and it was not her intention that the same should be paid by the daughter or that the daughter's right to the control and use of any of the property, either personal or real, should be interfered with or jeopardized on account of such bequests, and that none of the legacies were to be paid as a matter of right out of any of the property during the lifetime of the daughter.   Her intention was that the whole of her personalty should go to the daughter absolutely, and that she should have the real estate so long as she lived, and

not the proceeds arising from the sale thereof remaining after the payment of the legacies. The only intimation we have as to the value of the real estate is found in appellee's petition to sell where its value is alleged to be about $600. If this real estate had been subject to sale during the lifetime of the daughter for the payment of the legacies, the purpose and intention of the testatrix to provide a home for the daughter would have been defeated. The remainder of the proceeds after the payment of the legacies to the church and the ladies' society was to be paid to the hospital. The mother did not intend that her daughter should be compelled to pay the legacies to the church and the ladies' society in order to prevent her home being sold. As we read the will her intention was that the payment of all legacies was to be postponed until after the death of the daughter when the real estate should be sold for that purpose, and after the payment of the two special bequests the remainder should be paid to the hospital.

The legatees were not in position to compel the payment of the legacies due them during the lifetime of Mrs. Ribkey. Neither the fifteen nor twenty-year statutes of limitation were therefore applicable to the facts in this case. We hold that Mrs. Ribkey took an estate for life only in the real estate under the will of her mother. There was no error in the action of the court in its ruling on any of the demurrers, nor in any of its conclusions of law.

Judgment affirmed.