BECKER ET AL. *v.* REICHERS ET AL.

[No. 13,129. Filed November 1, 1928. Rehearing denied December 21, 1928. Transfer denied February 15, 1929.]

*Otto J. Bruce, John C. Trainor* and *Foster Bruce,* for appellants.

*Ibach, Gavit, Stinson & Gavit* and *August A. Bremer,* for appellees.

THOMPSON, J.—This action was brought by appellee August Reichers, executor of the last will and testament of Henry C. Becker, deceased, against the appellants and all the legatees named in said will, for the purpose of having said will construed.

The complaint alleged that Henry C. Becker died testate in November, 1923; that appellee August Reichers was named executor in said will, and that he duly qualified as such; that sections two, three, four, five and six of said will read as follows:

"Item Two: I give and bequeath to my beloved wife Ida Menze Becker, (who is my second wife) the life estate in 133 acres of farm land, described as follows; to wit: . . . She to have full possession thereof and to receive all of the rents and profits therefrom. With the further understanding that she is to pay all taxes, insurance, repairs and expenses of keeping said premises up to the standard which I have maintained the same during the time I have owned said property. All of which expenses for insurance, taxes, etc., are to be paid out of the

profits accruing from said property to her and that the said widow, Ida Menze Becker, hereby waives all rights in all other property by quit claim deed executed in addition hereto.

"Item Three: · I hereby give and bequeath to my sons John and August Becker the real estate described in Item Two, the same to be subject to the life estate of my wife, Ida Menze Becker, also subject to their acceptance and their agreement to procure and pay the sum of ($6,000) in the manner and to the parties mentioned in Item Five.

"Item Four: I give and bequeath to my daughter Louise Becker, now Louise Mayer, 176⅛ acres of farm land in Lake county, State of Indiana, and described as follows, to wit: . . . With the further understanding that upon the acceptance of said devise the said Louise Mayer, is to and will procure and pay ($8,000) in the manner and to the parties mentioned in Item Five.

"It is also my desire in connection with said devise herein that whereas there is about fifteen acres of timbered land, upon said premises, and that whereas there is about thirteen acres of timbered land upon the 133 acres devised to John and August Becker, that said thirteen acres and fifteen acres of timber are to be used in common between the two sons and one daughter, so far as the timber rights are concerned, and that each share and share alike in the timber and the proceeds from said timber. And when said timber has been exhausted upon each of said tracts of land above described, then it is my desire that the easement granted in egress and ingress to John and August Becker upon the premises of Louise Mayer and the egress and ingress to Louise Mayer upon the premises of John and August Becker for the purpose of marketing or disposing of said timber or using the said timber, shall at that time cease.

"Item Five: It is my will and I desire that the said ($8,000) provided for in said Item Four and the ($6,000) provided for in said Item Three, together with whatever cash, notes, mortgages, stocks or

bonds that I may have on hand at the time of my death shall amount to ($21,000). Shall I not have sufficient notes, mortgages, stocks or bonds or cash on hand to equal the difference of the said ($7,000), then it is my desire that there be sold at Executor's sale a sufficient part of the personal property belonging to my estate (exclusive of the household goods, furniture, and fixtures of the home), to make up said ($7,000) requires, making a sum total of ($21,000). Should my estate increase in value and my income and profits be greater than I now anticipate and the cash money on hand and profits from my estate be ($7,000) or greater not including my personal property then in that event it is my will and desire that the ($21,000) or more that there may be in notes, mortgages, stocks bonds or cash on hand be equally divided among my seven children whose names are: Henry Becker, Herman Becker, William Becker, Minnie Becker, now Minnie Ohlondorf, Mary Becker, Caroline Becker, now Caroline Paul, and Lucy Becker, by adoption.

"Item Six: I further desire that in the event my estate increases in value and my income and profits be greater than I now anticipate so that my personal property belonging to my estate (exclusive of the household goods, furniture and fixtures of the house, which belong to my wife) need not be sold to make up said ($7,000) required to make up a sum total of ($21,000), then it is my will and desire that my said personal property be sold at an executor's sale and converted into cash and the proceeds derived be equally divided among my ten children whose names are: Henry Becker, John Becker, William Becker, Herman Becker, Minnie Becker now Minnie Ohlondorf, Mary Becker, Caroline Becker now Caroline Paul, August Becker, Louise Becker, now Louise Mayer, and Lucy Becker by adoption."

Plaintiff says that doubt and uncertainty exist as to the meaning of said items of said will, and asks that they be construed.

Appellants filed an answer of general denial to the complaint.

The errors assigned are: (1) The court erred in overruling the appellants' motion for a new trial; and (2) the court erred in overruling the appellants' motion to modify the judgment.

In the oral argument of this case, it was conceded by counsel for both appellants and appellees that the only point on which they seek an opinion is as to when the $6,000 payment in Item Three of the will is due. It is agreed that Ida Menze Becker is in possession of the real estate devised to her for life, and that the $8,000 charge in Item Four of the will has been paid.

The will was introduced in evidence, and also oral testimony as to the disagreement of the parties concerning the meaning of the will, and their desire to have the same construed.

The court decreed that the proper construction and the legal and true meaning, intent and effect of the provisions of said will are, that the sum of $6,000 to be paid by John Becker and August Becker should be paid within a reasonable time and in the due course of the administration of said estate, and that such payment should not be deferred until the termination of the life estate of the defendant Ida Menze Becker.

Judgment was rendered against appellants, who then filed a motion for a new trial, which was overruled, and appellants excepted.

In support of their contention that, under the facts stipulated and the evidence, the $6,000 is not due and payable until the termination of the life estate of the widow, the appellants cite *Hale, Exr.,* v. *Kanzler, Exr.* (1921), 76 Ind. App. 127, 131 N. E. 541, and *Wilson* v. *Moore* (1882), 86 Ind. 244. Those cases, however, are distinguishable from the instant case. It is apparent, from the wills in the two cases cited, that

the payment of the legacies was to be postponed during the terms of the life estates. In the instant case, the will gives to the widow a life estate in certain real estate described in Item Two, and, in Item Three, the remainder in fee in the same real estate is bequeathed to appellants, subject to their acceptance and agreement to pay $6,000 into the estate. Item Four gives to Louise Becker certain real estate in fee simple, provided that she pay into the estate the sum of $8,000. The $6,000 and the $8,000, together with decedent's stocks and bonds, were estimated at $21,000, which amount was to be equally divided among all of the children except the daughter Louise and the appellants. Any amount of decedent's personal estate over $21,000 was to be divided equally among all of the children. The testator makes no distinction in the will between the payment of the $6,000 and the $8,000 and it would seem that he intended that both sums should be paid at the same time.

The statutes of this state provide for and contemplate that all estates are to be closed at the end of one year, except that, for sufficient cause shown, the same may be postponed, and the general rule governing the payment of legacies is that if the testator specifies no time in which they are to be paid, they are payable at the end of one year from the date of administration. See 28 R. C. L. 351.

If the construction contended for by the appellants is correct, all the legatees except the widow and Louise Mayer must wait until the death of said widow for their portions of the estate.

We hold that the $6,000 should be paid by John and August Becker in the due course of the administration of the estate.

The court did not err in overruling appellants' motion for a new trial, and the judgment is affirmed.

McMahan, J., not participating.